## OLD et al. v. CLARK. (No. 9326.)

(Court of Civil Appeals of Texas. Dallas. March 28, 1925.)

1. Venue ☞8—Venue of suit for personal injuries caused by active negligence can be laid where inflicted.

Under Rev. St. 1911, art. 1830, subd. 9, venue of suit for personal injuries caused by active negligence of defendant can be laid in county in which injuries were inflicted.

2. Pleading ☞111—Untimeliness of controverting plea to plea of privilege waived by answer and failure to object.

Where, to defendant's plea of privilege, plaintiff failed to file controverting plea within 20 days after appearance day, as required by Rev. St. 1911, art. 1969a, subd. 7, as added by Acts 38th Leg. (1923) c. 105, defendant held to have waived such failure by answering controverting plea and permitting issue to proceed to trial without objection.

3. Appeal and error ☞931(4)—Adverse ruling on controverting plea to plea of privilege not conclusive on negligence alleged as basis for venue.

On appeal from order sustaining plea of privilege and transferring cause, where controverting plea alleged that, since injuries sued for were caused by negligent operation of automobile, venue could, under Rev. St. 1911, art. 1830, subd. 9, be laid in county where they were inflicted, appellate court held not precluded by presumption of finding against appellant's allegation of negligence.

4. Judgment ☞553—Motions ☞64—Determination of matters incidental to main suit, on motion or summary application, not res judicata.

Generally determination of motions or summary applications on matters merely collateral or incidental does not prevent raising of same issues at subsequent trial or in another suit involving same parties and subject-matter.

5. Judgment ☞564(1) — Appealable judgment or order involving substantial rights res judicata.

Judgment or order, to be successfully pleaded as res judicata, need not be "final and on merits of suit," if it is on collateral matter, involving substantial rights of parties, determined after deliberate consideration of issue, and from which appeal could be prosecuted.

6. Judgment ☞564(2)—Judgment on issue of venue res judicata.

In view of Rev. St. 1911, art. 1903, which provides for trial of issues made on question of venue, raised by plea of privilege, judgment entered on such trial, when it becomes final, is conclusive, whenever and wherever subject-matter of main suit is litigated between same parties.

7. Dismissal and nonsuit ☞42—Dismissal by plaintiff held not to destroy adverse judgment on issue of venue.

Dismissal by plaintiffs of action, before adjudication on merits, held not to have effect of destroying judgment adverse to them on issue of venue raised by plea of privilege.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by J. A. Old and another against Edythe E. Clark. From an order sustaining a plea of privilege, and transferring the cause, plaintiffs appeal. Affirmed.

Spence, Haven, Smithdeal & Spence, of Dallas, for appellants.

Gross & Zivley, of Mineral Wells, and Charles A. Rasbury, of Dallas, for appellee.

JONES, C. J. This is an appeal from an order of the district court of Dallas county sustaining a plea of privilege and transferring this cause to the district court of Palo Pinto county, the domicile of appellee. The facts necessary to a consideration of this appeal are as follows:

On September 18, 1923, appellant J. A. Old, for himself and as next friend for his minor son, James E. Old, filed two separate suits in district courts in Dallas county. These two suits were consolidated by order of the court. The basis of these suits was a charge of active negligence against appellee Edythe Clark, in reference to the driving of her automobile in the town of Highland Park, Dallas county, Tex., and which directly resulted in a collision between said automobile and the motorcycle ridden by James E. Old. It was alleged that the said James E. Old received serious and permanent injuries as a direct result of the collision caused by said negligence, and the recovery of damages was sought in each of the suits.

The plea of privilege was in proper form and timely filed. Approximately 39 days aft-

er appellee, as defendant in the suit below, was required to answer under the Practice Act applying to district courts of Dallas county, appellants duly filed a controverting plea, sufficient as to allegations of fact to bring the venue of this case within the provisions of subdivision 9 of article 1830, Revised Statutes, 1911, and hence sufficient, if sustained by proof, to maintain the venue of this suit in Dallas county. Appellee filed an answer to this controverting plea, consisting of an exception to the consideration of same, on the ground that it showed on its face that it was filed after the time allowed by such Practice Act for filing such controverting plea, and a plea of res judicata to the effect that all issues of venue raised in this suit had been heretofore adjudicated, in that two similar suits had theretofore been filed by appellants against appellee in the district courts of Dallas county and consolidated by an order similar to the one in the present cases; that these two suits were identical in subject-matter with the two later suits in which the present plea of privilege was filed; that appellee filed a plea of privilege in the former suits and appellants filed a controverting plea identical with the controverting plea filed in the case at bar; that a trial was had on the former plea of privilege, at which the same evidence was offered by appellants to sustain the venue in Dallas county as was offered by them in the case at bar; that the trial court sustained said former plea of privilege and entered a valid order transferring said consolidated cause to Palo Pinto county and same was transferred; that appellant duly excepted to the order entered by the court on the former plea of privilege and gave notice of appeal, but no appeal was ever perfected in said case, and the time for review of said action on appeal had long since passed. There was no order entered on appellee's exception, and same must be considered waived. The allegations in the answer on the plea of res judicata were sustained by the evidence.

Appellant urges by appropriate assignments and propositions of law: (1) That the negligent operation of an automobile causing the injury of another is a trespass, within the meaning of section 9, art. 1830, of the Revised Statutes of 1911, and permits the suit for damages sustained by reason of the injury to be maintained in the county in which the injury occurred; (2) an order sustaining a plea of privilege is an interlocutory order, and is not res judicata of the question of venue on the bringing of a second suit by the same plaintiff, on the same cause of action, and against the same defendant, provided the second suit has not gone to judgment and there was no appeal from the order sustaining the plea of privilege in the first suit.

Appellee answers: (1) That at the time appellants filed their contest of the plea of privilege the trial court had lost jurisdiction to try the issues thus raised, because said plea was not filed within the time required by the Practice Act applying to district courts of Dallas county; (2) that the evidence offered by appellants at the trial of the cause did not sustain the claim that appellee committed a trespass in the manner alleged, and that subdivision 9 of article 1830 of the Revised Statutes did not apply; (3) that, if the evidence of appellants at the trial of the plea of privilege was sufficient to sustain the venue under said subdivision of said statute, appellee introduced evidence in conflict therewith and this conflict was resolved by the trial court in favor of appellee; (4) that the judgment in the former case, sustaining the plea of privilege, was a final judgment on the issue of venue, and res judicata of the issues at this trial.

[1] Appellants having alleged that the injuries from which the damages flow were inflicted in Dallas county, Texas, and were caused by the active negligence of appellee, and having sustained this allegation by proof, this case was brought within section 9, art. 1830, of our Revised Statutes. Venue of the suit, therefore, could be laid in the district court of Dallas county. Campbell v. Wylie (Tex. Civ. App.) 212 S. W. 980; Texas Hardwood Co. v. Moore (Tex. Civ. App.) 235 S. W. 630; Winslow v. Gentry (Tex. Civ. App.) 154 S. W. 260.

[2] Subdivision 7 of article 1969a, as added by chapter 105 of the General Laws of the 38th Legislature, made applicable only to civil district courts in counties having two or more district courts with civil jurisdiction only provides that pleas of privilege shall be filed at or before the time the defendant is required to answer, and that a contest thereof shall be filed within 20 days after the appearance day. The undisputed evidence shows that the controverting plea in this case was not filed until the thirty-ninth day after the time in which defendant was required to answer. There was no motion filed to strike out this controverting affidavit, and the exception filed is not shown to have been called to the attention of the court. So far as is shown by the record in this case, appellee filed her answer to this controverting plea, and permitted the issues joined on the venue of the case to proceed to trial without objection. We think, under the circumstances, she waived whatever rights she may have had because of the failure of appellants to file the controverting plea within the statutory time. We do not agree with appellee's contention that, if a plea was not filed within the 20 days provided by this statute, the case was automatically transferred, and the power of the court to inquire into the issues made by the pleadings lost. We think the benefits given

a defendant under this statute may be waived.

[3] There is no merit in the contention of appellee that, because the trial court heard evidence "pro and con" as to the negligence of appellee and the cause of the injury to James E. Old, and then entered a general order transferring this cause, this court is precluded by a presumption of a finding of the court against appellants' allegations of negligence. A plea of privilege is not the place to try a cause on its merits. It was necessary for appellants to offer sufficient proof to make a prima facie case on their allegations that the injury was caused by the active negligence of appellee, in order that the court might determine whether the venue of the case could be maintained in Dallas county under said subdivision 9 of article 1830, Revised Statutes. When such proof was made, appellants were given the right to have the issues thereon tried in Dallas county. Edmonds v. White (Tex. Civ. App.) 226 S. W. 819; Haddaway v. Burford (Tex. Civ. App.) 239 S. W. 627.

[4] Is the judgment entered on the plea of privilege in the former suits filed by appellants res judicata as to the plea of privilege filed in the later suits? That the former suits are identical with the later suits is shown by the undisputed evidence. That the issues involved in the trial of the plea of privilege in the former suits are identical with the issues involved on the plea of privilege filed in the later suits is also shown by the undisputed evidence. That appellants supported their controverting plea in the trial of the issues on each plea of privilege by the same evidence is not controverted. It is true, as a general proposition, that the determination of motions or summary applications on matters merely collateral or incidental to the main suit does not prevent the parties from raising the same issues at a subsequent trial of the suit, or in another suit involving the same parties and the same subject-matter, provided final judgment had not been entered in the first suit.

[5] It is also true, as a general proposition, that before a judgment or order of court can be successfully pleaded as res judicata the judgment or order must have been final and on the merits of the suit. This doctrine, though, has been generally rejected in reference to collateral matters that involved substantial rights of the parties, and whose determination was had after a solemn and deliberate consideration of the issues involved, and from which order or judgment an appeal could be prosecuted to a higher court. Article 1903, Revised Statutes 1911, provides for a trial of the issues made on a question of venue by the filing of a plea of privilege by a plaintiff and a controverting plea by defendant. The issues on this question are tried on pleadings separate and distinct from the pleadings in the main case, and this trial is clothed with all the solemnity and deliberateness that attend the trial of the main case. The allowance of an appeal gives statutory finality to a judgment entered on such a trial. The issues determined on such a trial touch the substantial rights of the parties. The public welfare and the dictates of common justice demand that there should be an end to litigation, and this doctrine applies with just as much force to the issues arising out of a trial of a plea of privilege as it does to issues arising out of any other trial.

It is argued with a great deal of force that, though the order on the plea of privilege filed in the former cases would be a bar to the raising of such an issue again in those cases, still appellants could dismiss such cases without prejudice, and that such dismissal would leave them, within the time covered by the period of limitation within which such suits could be filed, free to file another suit declaring on the same cause of action, with all the rights inhering to such cause of action that existed at the time the first suits were filed. This contention is correct as to all preliminary orders to which there is not a statutory requirement that before the entry of such orders there must be a trial upon the merits of the matters in controversy, and from the orders entered there is not allowed any appeal.

[6] We think the manifest intention of the Legislature in its provision for the trial of the issues raised by the filing of pleas of privilege, as contained in said article 1903, is that the judgment entered on trial of a plea of privilege, when it becomes final, shall be conclusive against the parties on these same issues, whenever and wherever the subject-matter of the main suit is litigated between the same parties. This announcement is sustained by 34 C. J. 764, in the following language:

"But orders affecting substantial rights, fully litigated, and from which an appeal lies, are conclusive of the matter adjudged and a bar to further proceedings."

[7] It is our opinion that, if appellants should dismiss the former suits before any adjudication of the questions involved in the main cause of action, it would not have the effect of destroying the judgment entered on the former plea of privilege, which has long since become final. We therefore hold that there was no error by the trial court in sustaining the plea of privilege and entering the order transferring this consolidated suit to Palo Pinto county.

Judgment affirmed.