**COBB GRAIN CO. et al. v. H. H. WATSON CO.** (No. 7023.)

(Court of Civil Appeals of Texas. Austin. Oct. 20, 1926. Rehearing Denied Nov. 10, 1926. Writ of Error Granted by Supreme Court Jan. 12, 1927.)

**1. Judgment** ⬅══564(2).

Since, when plea of privilege has been filed, question of venue becomes a separate proceeding from a trial upon merits, and when controverted is tried as separate issue, in view of Rev. St. 1925, arts. 2007, 2008, 2182, judgment of court thereon becomes res adjudicata on issue of venue.

**2. Pleading** ⬅══111.

Sworn plea of privilege makes prima facie case for affirmative relief in absence of controverting affidavit.

**3. Venue** ⬅══34.

Rev. St. 1925, arts. 2007, 2008, relating to change of venue, being remedial, should be liberally construed.

**4. Dismissal and nonsuit** ⬅══19(1) — Where plaintiff did not file controverting affidavit to defendants' plea of privilege, granting nonsuit before issue of venue was determined held error (Rev. St. 1925, arts. 2007, 2008, 2182).

Where defendants filed plea of privilege and plaintiff did not file controverting plea, issue

of defendants' affirmative relief asked in plea of privilege should have been finally determined before granting nonsuit, in view of Rev. St. 1911, art. 1903, as amended in 1917 (Rev. St. 1925, arts. 2007, 2008), and article 1955, now Rev. St. 1925, art. 2182.

Appeal from Dallas County Court at Law, No. 1; W. N. Coombes, Judge.

Action by the H. H. Watson Company against the Cobb Grain Company and others. From a judgment granting plaintiff a nonsuit before passing upon defendants' plea of privilege, defendants appeal. Reversed and remanded, with instructions.

Clark & Clark, of Dallas, for appellants.
Geo. Sergeant, of Dallas, for appellee.

BAUGH, J. The only issue presented in this case is whether the trial court erred in permitting appellee, plaintiff below, in the county court of Dallas county, Tex., after the plea of privilege had been filed by the defendants J. F. Cobb and A. G. Cox to be sued in Hale county, where both resided, to take a nonsuit without passing upon said plea of privilege. The plea of privilege was in proper form, seasonably filed, and at a second term of said court after same was filed the case was called for trial. No controverting affidavit was ever filed, and before any order transferring the case to Hale county was entered plaintiff asked permission to take a nonsuit, which the court granted.

It is the contention of appellants, defendants below, that, in the absence of a controverting affidavit, the trial court, so far as said plea of privilege was concerned, had jurisdiction to enter but one order, i. e., an order transferring the case to the county court of Hale county, Tex. See article 1903, R. S. 1911, as amended in 1917 (article 2007–2008, R. S. 1925). Appellee, on the other hand, contends that under article 1955, R. S. 1911 (article 2182, R. S. 1925), the trial being before the court, it had a statutory right to take a nonsuit "at any time before the decision is announced."

It is unnecessary for us to here enter into a discussion of the evils sought to be prevented by the 1917 amendment to article 1903 of R. S. 1911. A very full and able discussion of this amendment by Judge Powell, together with a review of numerous cases involving it, is found in Craig v. Pittman & Harrison Co. (Tex. Com. App.) 250 S. W. 667. In that case it was expressly held that, when a plea of privilege is filed, unless a controverting affidavit be filed, the only jurisdiction the court has is to enter an order transferring the case. See, also, Boach & Son v. Ellis & Co. (Tex. Civ. App.) 278 S. W. 243, and authorities there cited. Such a holding may seemingly be in conflict with article 1955, R. S. 1911, giving to the plaintiff the right to take a nonsuit, but, if so, the 1917 amend-ment to article 1903 must, as to the particular plea, prevail. As stated by Judge Powell in Craig v. Pittman & Harrison Co.:

"The statute under consideration is specific legislation affecting one particular plea. In so far as it may be inconsistent with former general laws and rules announced by the courts, it must replace them."

[1-4] The question of venue when a plea has been filed has been made by the statute a separate and distinct proceeding from a trial upon the merits. When controverted, that issue is tried as a separate issue. A final judgment is entered upon it, and an appeal therefrom can be taken by either party. The judgment of the court thereon becomes res adjudicata on the issue of venue. Old v. Clark (Tex. Civ. App.) 271 S. W. 183; Citizens' State Bank v. Alexander (Tex. Civ. App.) 274 S. W. 184. The right of a party to be sued in the county of his residence is a substantial and a valuable right which he may have determined before his case is tried upon its merits. In filing his plea of privilege he raises that issue, and in the absence of a controverting affidavit his sworn plea makes out a prima facie case in his favor. Though a defendant on the merits, with respect to this particular issue he becomes a plaintiff asking affirmative relief. Not having controverted appellants' pleas of privilege, appellee could not deprive the appellants of the affirmative relief they sought of having the issue of venue first finally determined. To hold otherwise would be to permit appellee to dismiss his suit, and by immediately refiling it put the appellants to the added expense and inconvenience of going through the same process again. The 1917 amendment was, we think, intended to prevent just such a course. Being remedial, that amendment should be given a liberal construction to effectuate its purposes, and, so construing it, we hold that the trial court erred in permitting appellee to take a nonsuit before passing upon appellants' plea of privilege.

Appellee insists that this court has heretofore determined the point here involved in First Nat. Bank v. Childs (Tex. Civ. App.) 231 S. W. 807. In that opinion Judge Brady did use language which might be so construed. But we do not deem the view there expressed necessary to the disposition of that case. In that case a controverting affidavit was filed, and the trial court acquired jurisdiction to try that issue, and either sustain or overrule said plea of privilege after a full hearing thereon. In the instant case he had no such latitude.

Appellee contends that, if the trial court has jurisdiction to entertain a nonsuit after a transfer order is made, he should have such jurisdiction before making such transfer. But that is not necessarily true. The plaintiff cannot dismiss his suit as to the affirma-

tive relief sought by the defendant, i. e., the adjudication of his right to be sued in the county of his residence. When the issue of venue is determined, as stated in the case of First Nat. Bank v. Childs, supra, we can see no good reason why the plaintiff should not be permitted to dismiss his suit upon the merits in one forum as well as in the other. The defendant, having secured the relief he sought, could not then be injured thereby. The difference in the two proceedings being that, if in one instance, after the plea of privilege has been sustained, the plaintiff should thereafter wish to refile his suit, the matter of venue has become res adjudicata, and he must go to the forum of the defendant's residence to do so; whereas, in the other, should he desire to refile his suit, there would be no legal obstacle to his again doing so in the same court. Old v. Clark, supra.

For the reasons stated, the judgment is reversed, and the cause remanded, with instructions to the trial court to sustain said plea of privilege and enter his order transferring this cause to the county court of Hale county, Tex. And if plaintiff then still desires to dismiss its suit before said order is carried into effect, it should be permitted to do so.

Reversed and remanded, with instructions.