answered in the negative and the second in the affirmative.

CURETON, C. J. The opinion of the Commission of Appeals answering certified questions is adopted, and ordered certified.

---

### H. H. WATSON CO. v. COBB GRAIN CO. et al.  (No. 768–4738.)

(Commission of Appeals of Texas, Section B. March 9, 1927.)

**1. Statutes 190—Plain, unambiguous law should be held to mean what is plainly expressed.**

A law which is plain and unambiguous, whether expressed in general or limited terms, leaves no room for construction, but should be held to mean what is plainly expressed.

**2. Courts 4—"Suit" within constitutional definition of district court jurisdiction is any proceeding by which individual pursues legal remedy in court of justice (Const. art. 5, § 8).**

The word "suit," as used in Const. art. 5, § 8, defining original jurisdiction of district courts, applies to any proceeding by which individual pursues remedy afforded him by law in court of justice.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Suit.]

**3. Pleading 111—Plea of privilege is in nature of motion to change venue of suit (Rev. St. 1911, arts. 1911–1916, 2312–2318).**

The plea of privilege is in the nature of a motion to change the venue of a suit, under Rev. St. 1911, arts. 1911–1916, 2312–2318.

**4. Courts 1—"Jurisdiction" is of two kinds, "jurisdiction in personam" and "jurisdiction in rem."**

Jurisdiction is of two kinds, jurisdiction of the person and jurisdiction of property or thing in controversy, that is, "jurisdiction in personam" and "jurisdiction in rem" (citing Words and Phrases, Second Series, "Jurisdiction").

**5. Judgment 16—Venue 1½—Venue of suit is not question of jurisdiction of thing in controversy, and judgment affecting it by court without jurisdiction thereof is unavailing.**

Question of where suit should be brought is not one of jurisdiction of property or thing in controversy, and if court has no jurisdiction thereof, any judgment affecting it is of no avail, though court has jurisdiction of parties, who cannot give jurisdiction denied by law.

**6. Courts 23—Parties cannot give court jurisdiction.**

Parties cannot give court jurisdiction denied by law.

**7. Venue 32(1)—Requirement of suit in county of defendant's domicile is mere privilege, which may be waived (Rev. St. 1911, art. 1830).**

Requirement of Rev. St. 1911, art. 1830, that suit be brought in county of defendant's domicile, is mere privilege, which may be waived like any other such privilege.

**8. Venue 71—Court has jurisdiction to grant nonsuit after proper plea of privilege until announcement of order transferring case (Rev. St. 1925, arts. 2008, 2019, 2182).**

Under Rev. St. 1911, arts. 1832, 1955 (Rev. St. 1925, arts. 2019, 2182), court retains jurisdiction of subject-matter, after presentation of proper plea of privilege under article 1903 (Rev. St. 1925, art. 2008), to extent of recognizing plaintiff's statement of desire to take nonsuit, until announcement of order transferring case, though court could not try and determine cause of action presented by pleadings.

**9. Judgment 564(2)—Judgment of voluntary dismissal after filing of uncontroverted plea of privilege held res judicata of venue of subsequent suit (Rev. St. 1925, arts. 2008, 2182).**

Judgment dismissing suit on plaintiff's motion, under Rev. St. 1911, art. 1955 (Rev. St. 1925, art. 2182), after filing of uncontroverted plea of privilege under article 1903 (Rev. St. 1925, art. 2008), held res judicata as to question of venue of subsequent suit, thus securing to defendants every substantial right claimed in plea of privilege.

**10. Venue 71—Plea of privilege is not cross-action or claim for affirmative relief, right to hearing on which cannot be prejudiced by nonsuit (Rev. St. 1911, arts. 1325–1330, 1828, 1907; Rev. St. 1925, arts. 2182).**

Plea of privilege under Rev. St. 1911, art. 1903 (Rev. St. 1925, art. 2008), is not a cross-action or "claim for affirmative relief," within article 1955 (Rev. St. 1925, art. 2182), providing that right to hearing thereon shall not be prejudiced by nonsuit, as such cross-action or claim can only relate to some affirmative defense, such as set-off and counterclaim, or some plea in reconvention for incidental damages, involving merits of entire controversy under Rev. St. 1911, arts. 1325–1330, 1828, 1907.

**11. Venue 71—Court lost jurisdiction of defendants' persons on filing of uncontroverted plea of privilege and could only enter judgment of dismissal on plaintiff's motion (Rev. St. 1925, arts. 2008, 2182]).**

In absence of plea controverting plea of privilege, filed under Rev. St. 1911, art. 1903 (Rev. St. 1925, art. 2008), in action for damages for breach of contract, court lost jurisdiction of defendants' persons and could not try and determine cause, but could only enter judgment dismissing suit on plaintiff's motion under art. 1955 (Rev. St. 1925, art. 2182).

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by the H. H. Watson Company against the Cobb Grain Company and others, who filed a plea of privilege. A judgment dismissing the suit on plaintiff's motion was reversed by the Court of Civil Appeals (290 S. W. 842), and plaintiff brings error. Reversed, and judgment of the district court affirmed.

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

George Sergeant, of Dallas, for plaintiff in error.

Clark & Clark, of Dallas, for defendants in error.

SHORT, J. The original suit was instituted in the county court of Dallas county by the plaintiff in error corporation against the defendants in error on the 5th day of June, 1924, to recover damages because of the alleged shortage and inferior quality of certain maize heads purchased by the plaintiff in error upon a contract from the defendant in error Cobb Grain Company, a partnership, the performance of which contract was alleged to have been assumed by the other defendant in error, Farmers' Elevator Company.

On July 7, 1924, the defendants in error filed pleas of privilege to be sued in Hale county, Tex., and on such date called the court's attention to the pleas, when a notation was made thereof by the court on its docket. No controverting affidavit was ever filed, and on November 10, 1924, the defendants in error orally moved the court to sustain the pleas and transfer the case to Hale county. Before the court could act on such oral motion, the plaintiff in error orally presented a motion to dismiss the suit and allow it to take a nonsuit. This motion was granted and a nonsuit was taken. The defendants in error prosecuted an appeal to the Court of Civil Appeals at Dallas from the judgment dismissing the suit. This judgment is as follows:

"On this the 10th day of November, A. D. 1924, came regularly on to be heard the plea of privilege of the defendants, Cobb Grain Company and Farmers' Elevator Company, and thereupon came all parties in open court and announced ready for trial; and it appearing that a plea of privilege had been filed on July 7, 1924, in this cause and had never been controverted; and the court, having heard and considered the evidence and law and the argument of counsel, but before he announced his decision or intimated what his ruling would be plaintiff requested permission to take a nonsuit; and the court being of the opinion that plaintiff was entitled to take nonsuit:

"It is therefore ordered, adjudged, and decreed by the court that plaintiff's request for nonsuit be and it is here sustained, and this cause is here dismissed at the cost of plaintiff, for which execution may issue."

In addition to this judgment, there is a bill of exceptions evidencing the fact that the plaintiff in error moved the court to allow it to take a nonsuit in the cause before the court had announced its decision upon the presentation and hearing of the pleas of privilege, from which it will be seen that while the question presented involves the construction of three statutes which will be noted hereafter, there is really but one question involved in the application for the writ of error, and that question is whether the trial court lost jurisdiction of the case after the pleas of privilege had been filed and after the plaintiff in error had failed to file a controverting affidavit. It will be noted that the plaintiff in error did not offer to file this affidavit at any time, even though it might have done so after the time allowed by law had good cause been shown for its failure to file the affidavit within the time allowed. The Court of Civil Appeals reversed the judgment of the trial court, having held that jurisdiction was lost under the circumstances above detailed of the case by the trial court at the time the judgment was rendered. The plaintiff in error presents this proposition:

"Where defendant files a plea of privilege to the jurisdiction of the court, and plaintiff files no controverting plea and defendant moves the court to transfer the case for such reason, plaintiff may take a nonsuit at any time before the court announces its decision on the motion."

The defendants in error contend that the following counter proposition is the law of the case:

"Where defendant has filed a plea to be sued in the county of his residence in due form and regular order, and plaintiff has had a reasonable time to controvert the same as provided by law, and said motion having been set down for a hearing by the court, it is the duty of the court to transfer the cause to the county of defendant's residence, and it is fundamental error for the court to allow the plaintiff to take a nonsuit and dismiss the cause at plaintiff's cost."

The decision of the question presented by these two propositions depends upon the proper construction of article 1903 of the Revised Statutes of 1911, being article 2008 of the Revised Statutes of 1925, and of article 1832 of the Revised Statutes of 1911, being article 2019 of the Revised Statutes of 1925, and of article 1955 of the Revised Statutes of 1911, being article 2182 of the Revised Statutes of 1925; but as this case arose before the adoption of the Revised Statutes of 1925, we will refer to the article under the number of the previous statutes. Article 1830 of the Revised Statutes of 1911 provides that no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile except in certain specified cases, the exceptions to which are not necessary to mention. Article 1903 provides for the preparation and presentation by a defendant of a plea of privilege to be sued in the county of one's residence, and also provides how and when a plaintiff who desires to do so may prepare and file a controverting plea under oath, whereupon hearing on the issue thus joined shall be had, and if the plea of privilege is sustained, the cause shall not be dismissed, but transferred to the court having jurisdiction of the subject-matter located in the proper county. Article 1955 reads as follows:

"At any time before the jury have retired, the plaintiff may take a nonsuit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief; when the case is tried by the judge such nonsuit may be taken at any time before the decision is announced."

[1] A general rule of construction is that—

"Where a law is plain and unambiguous, whether it be expressed in general or limited terms, the Legislature should be intended to mean what they have plainly expressed, and, consequently, no room is left for construction." Cooley on Constitutional Limitations (4th Ed.) 68.

[2, 3] Chief Justice Marshall of the Supreme Court of the United States, in Weston v. City Council of Charleston, 2 Pet. 449, 7 L. Ed. 481, defines the word "suit" to be a comprehensive term and to apply to any proceeding in a court of justice by which an individual pursues that remedy in a court of justice which the law affords him, saying: "The modes of proceeding may be various, but if a right is litigated between parties in a court of justice, the proceeding by which the decision of the court is sought is a suit." Further saying that the word "suit" is more general in its comprehension than the word "action." Evidently this meaning of the word "suit" is. adopted in our Constitution (article 5, § 8) where the original jurisdiction of our district courts is defined. The plea of privilege is in the nature of a motion to change the venue of a suit. R. S. 1911, arts. 1911–1916, 2312–2318. It is apparently conceded by all parties that the county court at law of Dallas county, where this suit was brought, had jurisdiction of the subject-matter thereof; the only contention of the defendants in error being that the personal privilege belonged to them of having the case tried and the merits of the controversy determined in another county, and that having shown without controversy that they were entitled to this privilege, the court where the suit was brought was not only without jurisdiction to try and determine the cause, but also was without jurisdiction to enter an order dismissing it upon the motion of the plaintiff.

[4-7] "Jurisdiction" is of two kinds—jurisdiction of the person and jurisdiction of the property or thing in controversy—or, in other words, jurisdiction in personam and jurisdiction in rem. 2 Words and Phrases, Second Series, pp. 1280, 1281. The question of where a suit should be brought is not one of "jurisdiction" of the property or thing in controversy. If a court has no jurisdiction of the thing in controversy, although it may have jurisdiction of the parties, any judgment rendered affecting the thing or the property involved is of no avail, since the parties cannot give jurisdiction to the court where the law has denied it. The rule is

different where the court has jurisdiction of the subject-matter of the suit, but its right to try and determine the cause is made manifest by the due presentation by the defendants of a plea of privilege. The requirement as to the county in which a suit may be brought is a mere privilege granted to the parties which may be waived like any other privilege of this nature. De La Vega v. League, 64 Tex. 214.

[8] In Bailey v. Federal Supply Co. (Tex. Com. App.) 287 S. W. 1091, Section A of the Commission of Appeals, in discussing a similar question, says article 1955 of the Revised Statutes of 1911 gave to the plaintiff company the right to take a nonsuit, but that it expressly provides this right should "not thereby prejudice the rights of an adverse party to be heard on his claim for affirmative relief." In that case there was a request made by the plaintiff to nonsuit its cause of action against the defendant, and a judgment was entered in accordance with that request. However, at this time there had been filed in the suit by the defendant a claim for affirmative relief. The Commission of Appeals held in that case that while the plaintiff had a right to take the voluntary dismissal of its suit, the dismissal of that suit did not have the effect to dismiss the cross-action. In that case the original plaintiff after taking a voluntary nonsuit filed its plea of privilege, claiming the right to have the cause of action against it tried in the place of its domicile. There was filed a written objection to this plea, calling attention to the fact that the original plaintiff having filed its suit against the defendant in a county other than that of its domicile had thereby waived the right it might have otherwise had to be sued in the county of its domicile, since it submitted to the jurisdiction of the court where it did file the suit, knowing that under the law the defendant had the right to file a cross-action in that suit and to have the matters in controversy between the parties tried and determined by a court located other than in the county of its domicile, and this objection was sustained, and De La Vega v. League, supra, was cited in support of this holding, indicating that the rule would have been otherwise had the original plaintiff not waived its plea of privilege, and further indicating that this plea of privilege is a mere personal right to have the matters in controversy tried and determined by a court of competent jurisdiction in the county where the defendant resides, in no wise connected with the meaning of the word "jurisdiction" in the sense that the court had no jurisdiction to enter a voluntary dismissal of a suit in the absence of a plea for affirmative relief based upon a subject-matter of which the court had jurisdiction.

Under the original law with reference to

pleas of privilege, the court was compelled to dismiss a plaintiff's cause of action even though it had jurisdiction of the subject-matter when a proper plea of privilege supported by proof had been presented by a defendant. Such a state of the record brought about an involuntary dismissal by the mere force of the statute. This character of judgment was in no ways related to the kind of judgment entered in this case. The judgment first mentioned was brought about primarily by the action of the defendant and was of an involuntary nature so far as the plaintiff was concerned. The judgment rendered in this case was brought about by the action of the plaintiff voluntarily taken. In the judgment first mentioned, while the plaintiff was compelled to pay the costs of the suit, nevertheless the defendant was liable to be sued again by the filing of another petition and the issuance and service of another citation in any court having jurisdiction of the subject-matter, subject, of course, to another presentation of the plea of privilege supported by proof. Under the present law, however, the court does not act by force of the statute as under the original law by entering a judgment dismissing the case, but instead thereof, it makes an order transferring the case to the court having jurisdiction of the subject-matter in the county of the defendant's residence. Until that order has actually been announced, notwithstanding the fact that the court could not try and determine the cause of action presented by the pleadings, it still had jurisdiction of the subject-matter to the extent of recognizing the statement made by the plaintiff that it desired to take a nonsuit. This statement of the plaintiff that it desired to take a nonsuit when accepted and recognized by the court, legally speaking, was a discharge of the defendants from the suit of the plaintiff.

[9] In Craig v. Pittman & Harrison Co. (Tex. Com. App.) 250 S. W. 667, article 1955 was not discussed, nor was the discussion of it necessary in that case. We think the principles announced in the Craig Case are correct in every particular. Judge Powell, who wrote that opinion, uses language which in the light of the entire opinion is not ambiguous. In speaking of the act of the Legislature providing for a more expeditious and less expensive method of securing to defendants the right to have suits against them tried in the county of their residence and of the duty of the court in which the plea of privilege has been filed, Judge Powell uses this language:

"This act of the Legislature is most salutary. The construction we have given it can result in no injustice or even serious inconvenience or appreciable expense to any party plaintiff in any court. Not only so, but our construction certainly saves defendants a lot of expense and inconvenience in all cases where the plaintiffs

know so well that they cannot sustain jurisdiction that they do not care to file the controverting affidavit provided by this statute. We think this justice court at Dallas lost jurisdiction of defendant in error when its plea of privilege was filed, and, until a controverting affidavit be filed, the only jurisdiction it had was to enter an order transferring the case to Sherman."

Furthermore, the opinion in that case discloses that notwithstanding a plea of privilege in due form was filed by the defendant and without the filing of a controverting plea, the trial court ignored the plea of privilege and tried and determined the cause by rendering judgment by default in favor of the plaintiff. In this case the trial court did not attempt to try and determine the merits of the controversy between the parties, but the legal effect of its action was to render a judgment for the costs of the suit against the plaintiff and in favor of the defendants. In this case the judgment further shows that a plea of privilege had been filed and had never been controverted, but that before the court announced his decision or had intimated what his ruling would be, the plaintiff requested permission to take a nonsuit, which request was granted and a voluntary dismissal of the plaintiff's suit was entered. These recitations in the judgment unalterably fixed the venue of any suit involving any subsequent controversy between the parties, relating to the subject-matter of the original suit in the county where the defendants reside as stated in their plea of privilege. The venue of such subsequent suit, if any, has become res adjudicata, thus and thereby securing to the defendants in error every substantial right which they claimed in their plea of privilege. Old v. Clark (Tex. Civ. App.) 271 S. W. 183.

[10] This plea of privilege has none of the elements of a cross-action, or, in the language of article 1955, "claim for affirmative relief." This cross-action or "claim for affirmative relief" could only relate either to some affirmative defense to the plaintiff's cause of action, such as set-off and counterclaim, or to some plea in reconvention for damages incident thereto. The determination of the issues thus presented would necessarily involve the merits of the entire controversy between the parties. R. S. 1911, arts. 1325–1330, 1828, 1907; Kidd v. McCracken, 105 Tex. 383, 150 S. W. 885; Hoodless v. Winter, 80 Tex. 638, 16 S. W. 427.

[11] The word "jurisdiction," as used by Judge Powell in the foregoing quotation, means jurisdiction of the person, or, in other words, jurisdiction in personam. As used in that quotation, it does not mean jurisdiction of the property or thing in controversy, or, in other words, jurisdiction in rem. Pennoyer v. Neff, 95 U. S. 734, 24 L. Ed. 565. When the plea of privilege was filed by the defendants in this case, in the absence of a

controverted plea the court lost jurisdiction of the person of the defendants. Having lost this character of jurisdiction, it was deprived of the right to try and determine the cause, a personal judgment being sought against the defendants. The only court which had the right to try and determine the cause was the court having jurisdiction of the subject-matter of the plaintiff's suit located within the county of the defendant's residence. But it has been seen that the trial court in this case in rendering its judgment did not attempt to try and determine the merits of the controversy between the parties. It simply entered the only judgment it could have entered when the plaintiff voluntarily declared it did not wish to make further demand of the defendants, the legal effect of which was to give to defendants, under the state of the pleadings, there being no plea "for affirmative relief" filed within the meaning of that phrase, all that the defendants could have demanded anywhere, at any time, or in any court. The suit ceased to have any legal existence. The defendants were at liberty to go at their will. The costs of the suit were adjudged against the plaintiff. The defendants had acquired every right which under the law they could have demanded anywere under the same or similar pleadings.

The language as used in article 1955 is plain and unambiguous, and under the general rule of construction heretofore stated, the Legislature should be intended to mean what they have plainly expressed, and, consequently, no room is left for construction of that article. The plaintiff in error merely exercised the right unequivocally given to it by the plain language of that article. To give to it the construction sought to be placed upon it by the defendants in error would have the effect to nullify its plain provisions in all suits where the conditions are the same or similar to those presented by this record.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed and that of the district court affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.