**CARTER et al. v. CALHOUN.** (No. 1680.)

Court of Civil Appeals of Texas. Beaumont.
April 18, 1928.

Rehearing Denied May 2, 1928.

1. Judgment ⬅650—Judgment sustaining plea of privilege held res judicata in second suit brought in another county (Rev. St. 1925, art. 2008).

Judgment sustaining plea of privilege to be sued in Harris county, in suit brought in Houston county on same cause of action between same parties as suit brought in Angelina county after dismissal of former suit, *held* res judicata of question of venue in second suit, under Rev. St. 1925, art. 2008, in absence of appeal from prior judgment.

2. Judgment ⬅650—Final judgment of court of competent jurisdiction is res judicata of question litigated, including venue whenever and wherever again presented.

When question of venue, as well as any other question involving a substantial right, has been litigated in court of competent jurisdiction, judgment which has become final is res judicata of such question between same parties whenever and wherever it is again presented.

Appeal from District Court, Angelina County; C. A. Hodges, Judge.

Action by George E. Calhoun against A. L. Carter and others, as partners doing business under the name of W. T. Carter & Bro., and others. From a judgment overruling defendant partners' plea of privilege, they appeal. Reversed and remanded, with instructions.

Baker, Botts, Parker & Garwood, of Houston, for appellants.

Fairchild & Redditt, of Lufkin, for appellee.

O'QUINN, J. Appellee sued A. L. Carter, W. T. Carter, Jr., E. A. Carter, Jack Thomas, and Maude Carter, as partners doing business under the partnership name of W. T. Carter & Bro., and also sued W. T. Carter & Bro., a partnership, and one Quentin Anderson, who resided in Houston county, Tex., in the district court of Angelina county, Tex., alleging, in substance, that the partnership of W. T. Carter & Bro. owned and operated a stock farm, known as the Carter farm, in Angelina county, and was engaged in general farming and stock raising, with one George Caton in charge of said farm as agent and general manager of same for said partnership; that February 8, 1926, in said Angelina county, appellee purchased a carload (116 head) of hogs from said appellants, through their said duly authorized and acting agent, George Caton; that said agent, George Caton, represented to appellee that said hogs were in sound and healthy condition and free from all disease of every kind and character, which represen-

tation appellee believed and, relying thereon, purchased said hogs and shipped them to his farm in Houston county, Tex.; that shortly thereafter he discovered that said hogs were diseased and had cholera, by reason of which and as a result of which he sustained the damages complained of, amounting to the sum of $9,916.32, for which he sued.

The appellants, constituting the partnership of W. T. Carter & Bro., duly filed their plea of privilege, in form and substance as required by law, to be sued in the county of their residence, alleging same to be Harris county, Tex. Thereupon appellee filed his controverting affidavit, alleging, in substance, that the transaction was had in Angelina county, and that in the sale of the hogs by defendants to plaintiff a fraud was committed, in that said hogs were knowingly and fraudulently sold to plaintiff as sound hogs free from disease when in fact they were diseased, and that said fraudulent sale so made constituted a tresspass committed in Angelina county, invoking subdivisions 7 and 9 of article 1995, Revised Civil Statutes 1925, as giving venue to Angelina county.

Appellants filed answer to appellee's controverting affidavit, specially excepting to it and to its consideration on the grounds: (a) That said affidavit had not been filed within five days after appearance day of that term of the court as required by article 2007, Revised Civil Statutes 1925. And (b) a plea of res adjudicata as to the issue of venue of the cause, alleging that a suit involving this identical cause of action between the same parties, based upon the same transaction as was here sought to be adjudicated, had been filed in the district court of Houston county, Tex., wherein appellants had filed their plea of privilege to be sued in Harris county, Tex., the county of their residence, and that a controverting affidavit to said plea was filed therein by appellee; that said issue of venue was set down for hearing as required by law, was fully heard by the court and the plea of privilege sustained and said suit ordered transferred to the Eightieth district court of Harris county for trial; that said cause was transferred to said district court of Harris county and afterwards was dismissed from the docket of said court by appellee; that after the dismissal of said suit this suit was filed in the district court of Angelina county; that the adjudication of the issue of venue by the district court of Houston county and the judgment of said court sustaining appellants' plea of privilege and the transferring of said cause to the district court of Harris county was a final determination of said question and conclusive of the issue of venue herein.

On the hearing the court overruled appellants' exceptions and plea of res adjudicata to the controverting affidavit, and also overruled their plea of privilege, to which action

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of the court appellants duly preserved their exception, and said action of the court is before us for review on appeal.

[1] The court erred in overruling appellants' plea of res adjudicata. The suit filed in Houston county was upon the same identical cause of action, and between the same parties, as the instant case. That the matter was duly heard and judgment thereon rendered as pleaded by appellants is not denied by appellee. The matter involved substantial rights of the parties, and its determination was had after a solemn and deliberate consideration of the issues involved. The statute, article 2008 (1903), Revised Statutes 1925, specifically provides for a trial of the issues raised by the pleadings, and calls for the rendition of judgment thereon. The judgment sustaining the plea of privilege by the district court of Houston county was one from which an appeal could be taken. No appeal from said judgment was taken, and said judgment became final. That judgment is res adjudicata of the question here and should have been sustained by the court below. Article 2008, Revised Civil Statutes 1925; Old v. Clark (Tex. Civ. App.) 271 S. W. 183; Jacobson v. Berwick (Tex. Civ. App.) 289 S. W. 1035; Watson Co. v. Cobb Grain Co. (Tex. Com. App.) 292 S. W. 174.

[2] Appellee admits that if after the suit was dismissed from the Harris county district court docket it had again been filed in the district court of Houston county that the former judgment of the district court of Houston county sustaining the plea of privilege and transferring the cause to the district court of Harris county would have been res adjudicata; but insists that, as the case was dismissed from the Harris county district court docket and then filed in the district court of Angelina county, said judgment sustaining the plea of privilege in Houston county was not res adjudicata of the venue in Angelina county. He says:

"By what manner of reasoning can it be said that the judgment of the district court of Houston county, Tex., was binding upon the district court of Angelina county, Tex.? The question of venue as to Angelina county, Tex., was not involved in the judgment rendered by the district court of Houston county, Tex., and could not have been involved. The issue of venue in Angelina county, Tex., was not and could not have been before the district court of Houston county, Tex., for determination."

We think appellee has misconceived the point involved and determined in the judgment. If appellee's contention be correct, then a plaintiff can repeatedly dismiss his case when same has been transferred from the forum in which it is filed to the forum where the defendant resides, and file same anew in some other forum. This is inconceivable. There must be an end to litigation some-

where, and when a question has been litigated between the parties in a court of competent jurisdiction and judgment rendered thereon and said judgment has become final, it is res adjudicata of that question between the same parties whenever and wherever it is again presented. This is true of the question of venue as well as of any other question involving a substantial right. It was the right of appellants to be sued in the county of their residence that was adjudicated in the district court of Houston county. That court determined that, as between the parties on the cause of action asserted, the defendants, appellants here, had the right to be sued in the county of their residence, Harris county. That judgment in due course of legal procedure became final, and unalterably fixed the venue of any suit involving any subsequent controversy between the parties relating to the subject-matter of the original suit, in the county where the defendants reside, as stated in their plea of privilege. The question of venue was fully litigated in the original suit, and the judgment thereon is res adjudicata, thus securing to appellants every substantial right claimed by them in their plea of privilege. Old v. Clark (Tex. Civ. App.) 271 S. W. 183; Watson Co. v. Cobb Grain Co. (Tex. Com. App.) 292 S. W. 174.

For the reasons above indicated, the judgment is reversed and the cause remanded, with instructions to the trial court that the cause be transferred to the district court, Eightieth judicial district, of Harris county, Tex.