## SCOTT v. CLARK.
### No. 7563.

Court of Civil Appeals of Texas. Austin.
March 25, 1931.

Rehearing Denied April 8, 1931.

R. G. Hughes, of San Angelo, for appellant.

Anderson & Jones, of San Angelo, for appellee.

BAUGH, J.

Suit by appellee against appellant on four checks signed by appellant, payable to appellee, two drawn on a San Angelo bank, and two on a Sonora bank, all aggregating $225. After appellant's plea of privilege to be sued in Sutton. county, duly controverted, was overruled, trial was had to a jury on special issues and upon their answers to same

judgment entered in favor of appellee; hence this appeal.

No statement of facts accompanies the record, and error of the trial court in two respects is here asserted .(1) in overruling appellant's plea of privilege without hearing any evidence thereon; and (2) in not sustaining appellant's general demurrer to plaintiff's petition.

The only proceedings on the plea of privilege disclosed by the record are those recited in the bill of exception, approved by the trial court, the pertinent portion of which reads as follows: "That a hearing on the said plea of privilege and said controverting affidavit was postponed ·from time to time until the 8th day of February, 1930, when plaintiff and defendant and their respective counsel appeared in court for the purpose of conducting said hearing; that upon the matter being called to the court's attention the court stated that he was familiar with the facts surrounding the controversy (having heard same when it was before him, as this was a re-filing of the case previously dismissed) concerning venue of this cause, whereupon no testimony was offered by either. the plaintiff or defendant and the court accordingly overruled defendant's plea of privilege, to which action of the court the defendant then ·and there in open court excepted and here now tenders this Bill of Exception No. 1."

It is now elementary that, upon filing of a plea of privilege in compliance with article 2007, R. S., the defendant is entitled to have the suit transferred in accordance with such plea, unless the plaintiff both plead and prove facts essential to sustain venue in the forum where such suit is filed, and that neither the pleadings nor the controverting affidavit of such plaintiff in themselves constitute such proof. Unless, therefore, the issue of venue had already been precluded against appellant, the trial court erred in not hearing proof on that issue.

The issue of venue when properly raised is one which the trial court must determine separate and apart from a hearing upon the merits; and from his judgment thereon either party may appeal. And when no appeal is prosecuted from his determination thereof, his action thereby becomes res adjudicata on that issue on subsequent proceedings between the parties on the cause of action wherever asserted. Old v. Clark (Tex. Civ. App.) 271 S. W. 183; Cobb Grain Co. v. H. H. Watson Co. (Tex. Civ. App.) 290 S. W. 842; Id. (Tex. Com. App.) 292 S. W. 174; Carter v. Calhoun (Tex. Civ. App.) 6 S.W.(2d) 191.

Appellee insists that, this case being between the same parties upon the same sub-

ject as one theretofore filed in the same court, in which the issue of venue was raised, the trial court could take judicial notice of the former hearing therein, and that it was not necessary to hear any evidence on the venue issue. It is true that a court may take judicial notice of his own orders in such case; that is, of any orders entered by him in the premises. Aetna Ins. Co. v. Dancer (Tex. Com. App.) 215 S. W. 962; State v. Hamilton (Mo. Sup.) 240 S. W. 445; 23 C. J. 109 et seq. But in the instant case the court did not, so far as the bill of exception shows, overrule the plea of privilege either on the grounds that a former determination of that issue had been made by him, or that he had theretofore entered any judgment or order with reference to it, but overruled such plea, in an original hearing thereon, on the ground "that he was already familiar with the facts surrounding the controversy * * * concerning venue of this cause.". What those facts were is nowhere disclosed by the record. While the court may take judicial notice of his records and of orders entered he cannot, as he evidently did in this case, take judicial notice of testimony heard before him on another trial, and enter an independent judgment thereon.

But we cannot direct a transfer of the cause, under such circumstances, as prayed for in the plea of privilege. If, upon a former hearing on such issue, the trial court entered a final judgment thereon, it became res adjudicata, and such transfer of the case would not be proper. And the failure to offer evidence on the issue was not the fault of the appellee. Apparently the court prevented the hearing of testimony, through no fault of appellee, and she should not suffer a removal of her case to another county because of his error. Upon another trial hereof, a hearing upon such plea of privilege should be had, unless that issue has already been adjudicated.

In view of another trial, the defects in appellee's petition can be corrected by amendment. We think, however, that appellant's complaint lodged against the sufficiency of her petition was good. Appellee alleged that appellant executed and delivered to her the checks in question; that she indorsed same to the bank where she did her banking business, secured the money thereon, and delivered same to appellant; that payment was refused by the banks on which said checks were drawn when presented to them; and that therefore appellant was indebted to her in said sums. Nowhere did she allege that she had ever repaid the money to the bank where she cashed the checks, or that said bank had ever demanded same of her or was holding her liable for the amount of the rejected checks.

Having received the money on the checks, she was not injured, unless she were required by her indorsement thereof to make good the loss suffered by the bank. Her pleadings wholly failed to allege any such liability, and were therefore subject to demurrer. The court having overruled appellant's demurrer, she was neither required nor given opportunity to amend such defective pleadings, but may do so upon another trial hereof.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded for another trial.

Reversed and remanded.