**LEE et al. v. JOHN E. QUARLES CO.**

No. 2543.

Court of Civil Appeals of Texas. El Paso.

May 21, 1931.

Rehearing Denied June 11, 1931.

W. J. Rutledge, of Dallas, for plaintiffs in error.

Melvin F. Adler and Chas. Kassel, both of Fort Worth, for defendant in error.

HIGGINS, J.

On May 16, 1922, defendant in error filed this suit in the district court of Tarrant county against Bob Lee and Hub Lee, alleged to be residents of Dallas county, to recover the sum of $920.85, alleged to be due for certain building material furnished to Bob Lee and claimed to have been used in the repair and improvement of a tract of 123 acres of land in Dallas county owned by Hub Lee. It was alleged there was an agreement between the defendants under which Bob Lee should have an interest in the land, although the title to same remained in Hub Lee, and that by reason of the matters set forth it had a materialman's lien under the Constitution and statutes of this state. Prayer was for judgment for the amount stated and establishment and foreclosure of lien.

The defendants in due form and at proper time filed pleas of privilege claiming the right to be sued in Dallas county. To these pleas of privilege no controverting affidavit was ever filed.

On July 13, 1925, the cause was dismissed for want of prosecution, the order reciting that the same had theretofore been set for trial and having been regularly reached and

called and neither the plaintiffs nor defendants appeared. On March 1, 1926, the plaintiff filed a motion stating that the order of dismissal had been made by the court through clerical error and asked that the same be reinstated. On March 15, 1926, the same being the third term of the court, after the order of dismissal had been entered, an order was entered reciting that the order of dismissal had been entered through inadvertence and the cause reinstated. On June 12, 1929, an order was entered by the court as follows: "Now comes plaintiff, John E. Quarles Co., by its attorney, and the said Bob Lee and Hub Lee come not; and hereupon the said John E. Quarles Co. in open court suggests to the court and gives the court to understand and be informed that during pendency of this suit the said Bob Lee and Hub Lee have both died. It is therefore Ordered that writs of scire facias do issue to Louisa Lee, widow of Bob Lee; Bettie Lee, widow of Hub Lee; Emanual Blue, Viola Blue; Luella Henderson and her husband, Walter Henderson, who is herein joined pro forma—the said parties being the heirs of the said Bob Lee and Hub Lee, requiring them to appear and defend the said suit."

In response to this order writs were issued against and served upon the parties mentioned in said order commanding them to appear and answer the original petition of the plaintiff filed against Bob Lee and Hub Lee. On January 4, 1930, a judgment by default was rendered against the said Louisa Lee, Bettie Lee, Emanuel Blue, Viola Blue, and Luella Henderson, wife of Walter Henderson, heirs of Bob Lee and Hub Lee, establishing a lien against the land described in the plaintiff's petition for the sum of $920.85, with interest from August 13, 1920, at the rate of 6 per cent. per annum, foreclosing said lien and ordering the land sold in satisfaction of said judgment.

From this judgment this writ of error is prosecuted by the heirs named.

■■ The judgment of dismissal entered in the present case was a judgment which finally disposed of the litigation then pending so far as this suit was concerned, and after the adjournment of the term at which the dismissal was rendered, the court was without jurisdiction to reinstate the cause upon a mere motion, but could only do so by direct action to set the same aside. Eddleman v. McGlathery, 74 Tex. 280, 11 S. W. 1100.

The defendants in the present case had the right to rely upon the finality of the judgment entered by the court on July 13, 1925, and the mere motion to reinstate cannot be treated as a direct action to set said judgment of dismissal aside. This view calls for reversal and rendition of this case, and it will be so ordered.

■ If for any reason we err in this conclusion there are other errors which call for reversal. No controverting affidavit to the pleas of privilege having been filed by the plaintiff, the court was without jurisdiction to make any order except an order changing the venue to the district court of Dallas county, or of dismissal. The proper order was to change the venue, though it was not beyond the power of the court to order a dismissal for want of prosecution. Upon this view the judgment should be reversed and judgment here rendered transferring the venue to Dallas county.

■ From the statement made it will be noted the judgment in this case has been rendered against the plaintiffs in error without any pleading whatever to support it. The petition in the case is against Bob Lee and Hub Lee. The court's order of June 12, 1929, shows that the defendant in error appeared in open court and suggested the deaths of the original defendants, whereupon the court ordered writs of scire facias to issue against the plaintiffs in error, they being the heirs of the original defendants. We think this wholly insufficient to authorize the court to render judgment against the plaintiffs in error.

Reversed, and judgment of dismissal here rendered.