## PASS v. RAY.

No. 1093.

Court of Civil Appeals of Texas. Waco.

Nov. 19, 1931.

Clayton L. Orn, of Fort Worth, and J. D. Barker, of Cisco, for appellant.

Robey & Robey, of Eastland, for appellee.

ALEXANDER, J.

This appeal involves the ruling of the trial court on a plea of privilege. C. O. Pass filed

suit in Dallas county against Raymond Ray, who resided in Eastland county, to recover on a promissory note and to foreclose a chattel mortgage on an automobile. On call day, July 8, 1930, of the July term of court, the defendant filed a plea of privilege in proper form to be sued in Eastland county, the county of his residence. Thereafter, on July 21st, the plaintiff filed a motion to dismiss the plea of privilege on the alleged ground that the defendant had waived the plea. On the same day the court, without any notice to the defendant, sustained plaintiff's motion, and dismissed said plea of privilege. The defendant learned during the July term that his plea of privilege had been dismissed, but took no action during that term to have the judgment of dismissal set aside. Thereafter, on October 18, 1930, at the October term of said court, the defendant filed a motion or bill of review to set aside the order entered at the July term of court dismissing his plea of privilege, and to have the plea of privilege reinstated and the cause transferred to Eastland county. On the same day, and after a hearing of the evidence before the court, the court sustained the defendant's motion, and set aside the order previously entered dismissing the plea of privilege, and sustained the plea of privilege and transferred the case to Eastland county. The plaintiff appealed.

The defendant's plea of privilege was in statutory form, and was filed at the appearance term and before default judgment was entered in the case, and was therefore filed in time. The plaintiff did not file any controverting affidavit, and no notice was given to the defendant that the plaintiff had filed a motion to dismiss the plea of privilege. The court was therefore not authorized to enter the judgment of July 21st dismissing the plea of privilege. Revised statutes, art. 2007; Craig v. Pittman & Harrison Co. (Tex. Com. App.) 250 S. W. 667; Schumacher Co. v. Dolive, 112 Tex. 564, 250 S. W. 673.

However, the defendant made no effort during the July term of court, which expired August 30, 1930, to have the judgment dismissing the plea of privilege set aside, and therefore the order dismissing the plea of privilege became final at the expiration of the July term. It seems that an order of a court sustaining or overruling a plea of privilege is a final judgment, in so far as the plea of privilege is concerned, and, if the losing party desires to complain thereof, he must move for a new trial during the term at which the order was entered or prosecute an appeal therefrom. Old v. Clark (Tex. Civ. App.) 271 S. W. 183, par. 5; Scott v. Clark (Tex. Civ. App.) 38 S.W.(2d) 382, par. 6; Cobb Grain Co. v. H. H. Watson Co. (Tex. Civ. App.) 290 S. W. 842; Id. (Tex. Com. App.) 292 S. W. 174; Carter v. Calhoun (Tex. Civ. App.) 6 S.W.(2d) 191; Euchey v. Adam Schaaf, Inc. (Tex. Civ. App.) 7 S.W.(2d) 168, par. 1; Smith Bros. Grain Co. v. Windsor & Stanley (Tex. Com. App.) 255 S. W. 158; Luse v. Cisco Grain Co. (Tex. Civ. App.) 241 S. W. 313; Grogan-Cochran Lumber Co. v. McWhorter (Tex. Civ. App.) 15 S.W.(2d) 126.

Appellee in his motion for a new trial, filed at the October term of court, did not contend that a clerical error had been made in entering the judgment at the July term of court, but sought a new trial because an erroneous judgment had been rendered by the court. After the adjournment of the July term at which the judgment of dismissal of the plea of privilege was rendered, the court was without jurisdiction to set aside such judgment which had become final, and to reinstate the plea of privilege, upon a mere motion for new trial, but could only do so by direct action to set same aside. Eddleman v. McGlathery, 74 Tex. 280, 11 S. W. 1100; Lee v. John E. Quarles Co. (Tex. Civ. App.) 39 S.W.(2d) 947.

If we construe the appellee's motion for new trial sufficient as a bill of review, as was done in the case of Galbraith v. Bishop (Tex. Com. App.) 287 S. W. 1087, then we have a direct attack on the judgment entered at the previous term of court. However, a bill of review to set aside a judgment entered at a previous term of court is an equitable proceeding, and the burden is on the petitioner to show that he has exhausted his legal remedy before resorting to equity. The general rule is that, where a judgment entered against a defendant is either voidable or void by reason of lack of jurisdiction over the person of the defendant, and not for lack of potential jurisdiction over the subject-matter because of the amount in controversy or the particular kind of action, and the defendant learns that such judgment has been entered against him in time to file a motion for new trial and to appeal the case, but fails to do so, he is not entitled to invoke the equity jurisdiction of the court to set the judgment aside by a bill of review or by injunction. Texas-Mexican Ry. Co. v. Wright, 88 Tex. 346, 31 S. W. 613, 31 L. R. A. 200; Galveston; H. & S. A. Ry. Co. v. Ware, 74 Tex. 47, 11 S. W. 918; Southern Surety Co. v. Texas Oil Clearing House (Tex. Com. App.) 281 S. W. 1045, par. 4; Duncan v. Smith Bros. Grain Co., 113 Tex. 555, 260 S. W. 1027, par. 1; Svoboda v. Alexander (Tex. Com. App.) 3 S.W.(2d) 423; Clayton v. Stephenson (Tex. Civ. App.) 254 S. W. 507, par. 4 (writ ref.); Hernandez v. Alamo Motor Co. (Tex. Civ. App.) 299 S. W. 272.

472

It is agreed by the parties that about July 22, 1930, and long prior to the adjournment of the July term of court, the plaintiff advised the defendant that a judgment had been entered dismissing his plea of privilege. The defendant had ample time during the July term of court in which to file a motion for new trial and to prosecute an appeal from the judgment of the court. This he failed to do, and he offers no excuse for his failure so to do. Having failed to prosecute an appeal from the judgment of the court entered at the July term dismissing the plea of privilege, after he had learned that such judgment had been entered, such judgment became final, and the defendant waived his right to have such judgment set aside at a subsequent term of court by a bill of review.

The judgment of the trial court is reversed, and the order transferring the suit to Eastland county is set aside.