## DEATHERAGE v. KERRIGAN. (No. 2820.)

Court of Civil Appeals of Texas. Amarillo.
April 20, 1927.

Rehearing Denied May 18, 1927.

1. **Pleading ⬅111—Trial court had jurisdiction to determine issue of venue presented by defendant's plea of privilege to be sued on contract in county of residence or payment.**

In suit on contract to erect memorial, providing for payment in county other than county of suit, trial court had jurisdiction to determine issue presented by defendant's plea of privilege to be sued in county of her residence or county of payment.

2. **Dismissal and nonsuit ⬅42—Plaintiff's dismissal of suit in county to which case had been transferred held not to avoid judgment of transfer.**

Where case has been transferred to different county, either after contest or by consent of plaintiff on defendant's plea of privilege, plaintiff's dismissal of suit in court to which it had been transferred cannot avoid effect of judgment of transfer.

3. **Judgment ⬅560—Judgment on issue of venue, not appealed from, held final on question of venue.**

Judgment transferring case to different county on plea of privilege, not appealed from, is final as to right of plaintiff to file suit in county from which it was transferred.

Appeal from District Court, Wichita County; W. W. Cook, Judge.

Suit by A. G. Deatherage against Mrs. Anna Kerrigan. From an order dismissing the petition, plaintiff appeals. Affirmed.

Bonner, Bonner & Fryer, of Wichita Falls, for appellant.
Bullington, Boone, Humphrey & King, of Wichita Falls, for appellee.

RANDOLPH, J. This suit was filed in the district court of Wichita county, by appellant herein, returnable to the July term, 1925, of said court, against Mrs. Kerrigan, appellee herein.

This suit, as stated in the petition in said case, sets out a contract in writing, duly signed by the appellee, contracting for a memorial gravestone, in which contract the appellee agreed to pay for said stone the sum of $1,300, at Wichita Falls, Tex. The following appeared written on the back of the contract:

"Copy of contract and drawing in First National Bank, Quanah, Tex. Payment will be made from City National Bank, Dallas, Tex."

The appellee appeared in said cause by filing her plea of privilege to be sued in the county of her residence, Hardeman county, to which plea appellant filed his controverting affidavit.

Upon hearing the plea and contest, the judge of the Wichita county district court sustained the plea, and ordered the case transferred to Dallas county. The transfer was duly made, and the papers were filed in the Dallas county district court. The appellant then appeared in that court and moved the court to dismiss the cause from his docket, and the case was thereupon dismissed. This dismissal order is dated January 19, 1926.

On January 29, 1926, the appellant, as plaintiff, filed in this cause his petition against appellee, as defendant, stating his cause of action substantially identical with the cause of action as set out in the petition in the former suit, in which the plea of privilege had been sustained.

The appellee again made her appearance by filing her plea of privilege to be sued in Hardeman county, which plea was controverted as before. Appellee also filed her plea in abatement, setting up the filing of the former suit, the plea of privilege, etc., the judgment upon such pleadings, the transfer to Dallas county, and the appearance of the plaintiff (appellant) in said district court, appellant's motion to dismiss same, and the action of the Dallas court dismissing, as res judicata of the question of venue.

Upon the hearing of said plea of privilege and plea in abatement, in this cause, in the Seventy-Ninth district court of Wichita county, the plea in abatement was sustained, and the plaintiff's (appellant's) petition dismissed. From this order of dismissal appeal has been had to this court.

It appears from the evidence that Mrs. Kerrigan, the appellee, testified that she had Deatherage make the entry on the contract, providing for payment from the Dallas bank, because she objected to the provision for payment in Wichita Falls. However, in her plea of privilege, the matter of the provision for payment at Dallas, Tex., was not pleaded; her only plea being for the transfer of the case to Hardeman county. It appears from the evidence introduced that the district judge was halting between two courses, whether to send the case to Dallas, or to Hardeman county, and he testified:

"I rather think that your wishes (the attorneys for appellee) or Mr. Summerville, or whoever represented the plaintiff, were consulted with reference to which place it should go—whether it should go to Dallas. I held that the suit should be properly brought either in Hardeman or Dallas county, and it is my recollection that Mr. Humphrey asked the attorney representing the plaintiff at the time where he would prefer to have it, and he said that he preferred Dallas; that is my recollection. It is my recollection, since you reminded me of it, that Mr. Summerville represented Mr. Deatherage."

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Leslie Humphrey, attorney for appellee, testified that Mr. Summerville requested that the case be transferred to Dallas, where the contract was payable, and that he (Humphrey) consented to it.

It appears from the above statement that the order transferring the case to Dallas county was made by the court with the consent of the parties, but, whether that is true or not, the record is silent as to any objections being made to the entry of such order, and fails to show any exception to the entry of such order, or appeal from it.

From this statement it will be seen that the question for our consideration is: Was the order of the district court of Wichita county, transferring the case to Dallas county, not having been appealed from, a final judgment?

[1] The trial court, passing upon the question presented by the plea of privilege and the controverting affidavit, had jurisdiction to determine the issues presented, and the question of finality of such judgment is not in the least affected by the action of the plaintiff (appellant) in having the Dallas court dismiss the suit he had brought.

[2, 3] Where a party plaintiff has had a case transferred from the county in which he had filed it, either after contest, or by his consent, by a court acting on a plea of privilege, and the plaintiff goes into the court to which such case has been transferred, and in which it is then pending, and causes the dismissal of the suit, he cannot, by so doing, avoid the effect of the judgment of transfer. To permit this would be to provide endless litigation. The judgment rendered, not having been appealed from, is final, as to his right to file his suit in the county from which it was transferred. "Orders affecting substantial rights, fully litigated, and from which an appeal lies, are conclusive of the matters adjudged and a bar to further proceedings." 34 C. J. 764.

The general rules controlling the question of the finality of a judgment are thus laid down:

"(1) The judgment or decree of a court of competent jurisdiction upon the merits concludes the parties and privies to the litigation, and constitutes a bar to a new action or suit involving the same cause of action, either before the same or any other tribunal.

"(2) Any right, fact, or matter in issue directly adjudicated upon, or necessarily involved in the determination of an action, before a competent court, in which a judgment or decree is rendered upon the merits, is conclusively settled by the judgment therein, and cannot again be litigated between the parties and privies, whether the claim or demand, purpose, or subject-matter of the two suits is the same or not." 34 C. J. 743.

As sustaining our position herein, we expressly approve and adopt the holding in the case of Old v. Clark (Tex. Civ. App.) 271 S. W. 185.

The judgment of the trial court is affirmed.