## KERRIGAN v. DEATHERAGE. (No. 860.)

Court of Civil Appeals of Texas. Waco. Nov. 7, 1929.

Crane & Crane, of Dallas, for appellant.
Bonner, Bonner & Fryer, of Wichita Falls, for appellee.

BARCUS, J. The facts in this case are agreed to. On May 29, 1924, appellant pur-

chased from appellee a memorial gravestone, to be put in the cemetery at Quanah, Tex. The contract relative thereto was in writing, and provided that appellant would pay appellee $1,300 at Wichita Falls, Tex., after the stone had been erected at Quanah. There was written on the back of said contract by appellee, at the instance of appellant, before she would sign same, the following: "Copy of contract and drawing in First National Bank, Quanah, Texas. Payment will be made from City National Bank, Dallas."

On May 9, 1925, appellee filed suit in the district court of Wichita county to recover the contract price for said memorial gravestone. Appellant filed her plea of privilege in said suit, asking that the cause be transferred to Hardeman county, the county of her residence. A controverting affidavit was filed and a hearing had thereon, and the cause was transferred by the district court of Wichita county, on October 27, 1925, to the district court of Dallas county. There was no appeal from said order. The cause was thereafter transferred to the district court of Dallas county, and on January 19, 1926, appellee filed a motion in the district court in Dallas county, asking that the cause be dismissed without prejudice, which motion was granted and ordered duly entered therein on said date. On January 29, 1926, appellee filed a second suit in the district court of Wichita county against appellant on the same contract, and appellant again filed her plea of privilege to be sued in Hardeman county. Appellee duly controverted said plea, and appellant filed her plea in abatement, setting up the filing of the first suit in the district court of Wichita county and the judgment of the court sustaining said plea and transferring said case to the district court of Dallas county. The district court of Wichita county sustained the plea in abatement, and dismissed appellee's second suit which he had filed in Wichita county. Appellee appealed from the order dismissing said suit, and the judgment of the trial court was by the Court of Civil Appeals for the Seventh Supreme Judicial District affirmed. Deatherage v. Kerrigan, 294 S. W. 698.

On November 1, 1928, appellee filed this suit in the district court of Dallas county on the same contract sued on in the two suits filed in Wichita county, and appellant again filed her plea of privilege, claiming her right to have the cause transferred to the district court of Hardeman county. Appellee filed a controverting affidavit, claiming that the district court of Dallas county had jurisdiction because it was a suit on a written contract signed by appellant, payable in Dallas county. He further filed a plea in abatement, claiming that the matter in controversy, in so far as venue was concerned, had been adjudicated by the district court of Wichita county in the two suits filed in said court, and that the

judgment of the district court of Wichita county transferring the cause of action to Dallas county for trial was res adjudicata and was binding upon appellant. The trial court overruled appellant's plea of privilege, and it is from said order this appeal is perfected.

In addition to the facts above stated showing the history of this litigation, the parties agree that the statements of fact contained in the opinion on the former hearing in the case of Deatherage v. Kerrigan (Tex. Civ. App.) 294 S. W. 698, are true. It appears from the statements of facts contained in said former opinion that the cause was originally transferred from Wichita county to Dallas county by consent of all the parties. The parties agreed that appellant had at all times prior to the filing of the original suit in Wichita county up to the time of the trial of the plea of privilege in Dallas county been a resident citizen of Hardeman county, Tex., and that she had never resided in Dallas county. It was further agreed by the parties that the writing on the back of the contract, that "payment will be made from City National Bank, Dallas," was placed thereon at the request of appellant because she did not wish to be sued in Wichita county, and had the change made in the contract for that purpose.

Appellant contends that, under the undisputed facts, she was entitled to have her plea of privilege sustained. She contends further that the plea of res adjudicata is void and not in any way binding upon her because the plea of privilege which she filed in Wichita county asked that the cause be transferred to Hardeman county, and there was no pleading which authorized the district court of Wichita county to transfer the case to the district court of Dallas county. She further contends that said judgment is not res adjudicata because, after the original cause was transferred to the district court of Dallas county, appellee voluntarily dismissed same.

█ The record does not show on what ground the trial court overruled the plea of privilege. It is an admitted fact that the identical question relative to the plea of privilege was involved in each of the suits filed in Wichita county and in this appeal. Appellant, in the second suit filed in Wichita county, invoked the former judgment that had been rendered by the district court of Wichita county, transferring the cause on plea of privilege to Dallas county, and this plea invoked by her was by both the trial and appellate courts upheld. Our Supreme Court, acting through the Commission of Appeals, in the case of Smith v. Chipley, 16 S.W.(2d) 269, 276, quoted as being the law the following from 10 R. C. L. p. 702: "It may be laid down as a general rule that a party will not be allowed in a subsequent judicial proceeding to take a position in conflict with a position taken by him in a former judicial proceeding, where the latter position is to the prejudice of the adverse party, and the parties and the questions are the same."

Appellant having, in the second suit filed in Wichita county, taken the position that the judgment transferring this cause of action to the district court of Dallas county was valid and binding, and having invoked and obtained the benefits of said judgment, cannot in this proceeding, filed in Dallas county between the same parties, involving identically the same question and same issues, take the position that said judgment transferring the cause to Dallas county was of no force or effect.

Our courts have held that a judgment of the court either sustaining or overruling a plea of privilege became a final judgment when same was affirmed by the appellate court, or when the time for appeal had expired. Old v. Clark (Tex. Civ. App.) 271 S. W. 183, 185; Carter v. Calhoun (Tex. Civ. App.) 6 S.W.(2d) 191, 192; Deatherage v. Kerrigan (Tex. Civ. App.) 294 S. W. 698; Watson Co. v. Cobb Grain Co. (Tex. Com. App.) 292 S. W. 174. In the case of Old v. Clark, supra, a case very similar to the facts here, the court stated: "We think the manifest intention of the Legislature in its provision for the trial of the issues raised by the filing of pleas of privilege, * * * is that the judgment entered on trial of a plea of privilege, when it becomes final, shall be conclusive against the parties on these same issues, whenever and wherever the subject-matter of the main suit is litigated between the same parties."

In Carter v. Calhoun, supra, the court stated: "The question of venue was fully litigated in the original suit, and the judgment thereon is res adjudicata, thus securing to appellants every substantial right claimed by them in their plea of privilege."

We think the trial court's judgment overruling the plea of privilege was authorized by reason of the plea of res adjudicata set up by appellee.

██ We are further of the opinion that the trial court, under the facts, was authorized to find—and in support of his judgment it is presumed he did so find—that the contract sued on was payable in Dallas county. The written contract provides on its face that the contract price to be paid for the memorial gravestone was payable at Wichita Falls. When the contract was presented by appellee to appellant, she objected to signing same and had him place on the back and as a part thereof the statement that "payment will be made from City National Bank, Dallas," because she did not wish to be sued in Wichita county and had said change made for that purpose. While the indorsement on the contract states that the payment will be made "from City National Bank, Dallas," we think, from the circumstances surrounding the signing of the document and the statement of appellant as to why she wanted said indorse-

ment made a part of the contract, the trial court was justified in holding, if it did, that it was the intention of the parties, and that same should be construed to mean, that the money would be paid at said bank in Dallas county.

The judgment of the trial court is affirmed.