**ROACH et al. v. TRINITY UNIVERSAL INS. CO.**

No. 5296.

Court of Civil Appeals of Texas. Texarkana.

June 23, 1938.

Carney & Carney, of Atlanta, for appellants.

Randall & Gray and Sam W. French, all of Dallas, for appellee.

WILLIAMS, Justice.

This is an appeal from an order of the District Court of Bowie County sustaining a plea in abatement to appellants' cause of action and dismissing same. On March 2nd, 1935, appellant filed suit against appellee on a fire insurance policy covering her dwelling house and household furnishings located in Texarkana, Bowie County, Texas, which had theretofore been damaged and destroyed by fire; that said damages and destruction amounted to the face of said policy, namely, $1,000; and that appellee had an agent residing in Bowie County, Texas. To this cause of action defendant filed its plea of privilege to be sued in Dallas County, alleging that "no exception to exclusive venue in the county of one's residence, provided by law, exists in said cause." Appellant did not file a controverting affidavit to this plea of privilege, and in due time the trial court sustained this plea of privilege and transferred the cause to Dallas County where same was docketed in the 14th District Court. On April 17, 1935, at the instance of appellants' attorney the cause was dismissed by the District Court of Dallas County. On April 22, 1935, appellant re-filed said suit in Bowie County. It is agreed that the parties, subject-matter, and relief

sought are the same as in the first suit in which plea of privilege had been sustained. To the suit as re-filed appellee filed its plea in abatement, and subject thereto, its answer on the merits.

Appellants contend (1) that "in order to invoke the plea of res adjudicata as to venue, it was incumbent upon appellee, as defendant in court below, to file a plea of privilege asking that the suit be transferred to Dallas County, Texas"; and (2) "unless it be shown that the court was wholly without jurisdiction of party, or of the subject matter of the controversy, the court had no authority, nor power under the law, to dismiss the appellant's cause of action, and adjudge the cost against appellant." We do not agree with these contentions. The question of venue was litigated and determined by the order of the Bowie County District Court sustaining the plea of privilege to the suit as first filed. No appeal from this order was perfected and it has long since become final. It is said in 34 Cor.Jur. 764, "Orders affecting substantial rights, fully litigated, and from which an appeal lies, are conclusive of the matters adjudged and a bar to further proceedings." Nor do we think it was necessary for appellee to file in connection with its plea in abatement a plea of privilege in the cause as re-filed. As said before, the question of venue had been determined. The case of Deatherage v. Kerrigan, Tex.Civ.App., 294 S.W. 698, writ refused, in our opinion, is directly in point, and from which we quote (page 699):

"Where a party plaintiff has had a case transferred from the county in which he had filed it, either after contest, or by his consent, by a court acting on a plea of privilege, and the plaintiff goes into the court to which such case has been transferred, and in which it is then pending, and causes the dismissal of the suit, he cannot, by so doing, avoid the effect of the judgment of transfer. To permit this would be to provide endless litigation. The judgment rendered, not having been appealed from, is final, as to his right to file his suit in the county from which it was transferred."

It is true in that case a plea of privilege as well as a plea in abatement was filed, but it appears that the trial court considered only the plea in abatement and dismissed the case, and its judgment in so doing was affirmed.

Article 1995, subdivision 28, R.C.S. of 1925, in clear and unmistakable terms permits the filing of a case of this character in the county where the insured property is located. We quite agree with the statement by appellants' counsel that he had no idea any one would make an affidavit that the venue of this cause was not properly laid in Bowie County. This is a matter, of course, over which we have no control at this time.

For the reason indicated above, the judgment of the trial court is affirmed.