STATE of Texas, Appellant,

v.

Mamie Corine STONE et al., Appellees.

No. 6024.

Court of Civil Appeals of Texas.

Beaumont.

May 17, 1956.

Rehearing Denied June 6, 1956.

Russell G. Poling, Austin, J. W. Simpson, Jr., Conroe, for appellant.

Orville C. Walker, San Antonio, Ross Hightower, Livingston, for appellees.

R. L. MURRAY, Chief Justice.

This is the second appeal in this case. The decision of this court in a former appeal is found at 271 S.W.2d 741.

The State of Texas brought suit in the district court of Polk County against Mamie Corine Stone and Carrie Jane Walker, the two daughters of Walter J. Mills, deceased, seeking reimbursement as the distributees of his estate for the support, maintenance and treatment furnished by

the State at its Austin State Hospital to George Mills, the adult son of Walter J. Mills. In the decision of the former appeal of this case, State v. Stone, Tex.Civ. App., 271 S.W.2d 741, it was held by this court that Walter J. Mills was liable to the State for the maintenance and treatment of his adult son, if he was financially able to pay for such services. It was further held that the State of Texas as plaintiff had the burden of proving the ability of Walter J. Mills to pay, and that such ability to pay was required to be current with the time of care and treatment. The judgment was reversed and remanded for trial on the merits. Neither the State, the appellant there, nor Mrs. Stone and Mrs. Walker, the appellees, made application to the Supreme Court for writ of error.

The case was tried a second time before the court without a jury and resulted in judgment for the State against the appellees for $738.55.

The court filed the following findings of fact and conclusions of law:

"1. That, as a matter of law, it is not necessary for the State to specifically allege in its petition the ability to pay of Walter J. Mills from April 14, 1937 to January 31, 1951 for the support, maintenance and treatment of his son, George Mills, the pleading of Article 3196a alone being sufficient.

"2. That, as a matter of law, plaintiff must show, by a preponderance of the evidence, that Walter J. Mills was able to reimburse the State for the support, maintenance and treatment furnished the said George Mills, said ability being concurrent with the period of hospitalization and maintenance of the said George Mills.

"3. That, as a matter of fact, at all times, from April 14, 1937 through and including March 31, 1948, Walter J. Mills was without ability to reimburse the State for the support, maintenance and treatment furnished his son, George Mills, while a patient at the Austin State Hospital.

"4. That as a matter of fact, at all times, from April 1, 1948 through and including January 31, 1951, being a period of one hundred forty-seven (147) weeks and five (5) days, Walter J. Mills was able to reimburse the State of Texas for the support, maintenance and treatment furnished his son, George Mills, while a patient at the Austin State Hospital."

The State has appealed from such judgment and brings its appeal under two points, as follows:

"Point One: The error of the trial court in concluding, as a matter of law, that from April 1937 through March, 1948, Walter J. Mills was without ability to reimburse the State for the support, maintenance and treatment furnished his son, George Mills, at the Austin State Hospital.

"Point Two: The error of the court in concluding as a matter of law, that the State, as plaintiff, was required to show ability to pay, concurrent and co-existent with the period of hospitalization and maintenance of George Mills."

■■ We address ourselves first to the appellant's second point, under which it requests this court to reconsider its holding on the prior appeal and hold now that the State is not required to prove concurrent ability to pay. We overrule this point. We think that the authorities and reasoning contained in the opinion of Justice Anderson in the former appeal properly state the law. The appellees, in answer to the argument of the appellant under its second point, maintain that the rule of law announced in the former appeal of this case is the law of the case and the appellant should not now be heard to complain of such decision. Appellees rely upon Rio Bravo Oil Co. v. Hebert, 130 Tex. 1, 106 S. W.2d 242; Galveston, H. & S. A. Ry. Co. v. Fitzpatrick, Tex.Civ.App., 91 S.W. 355; Grimes v. Maynard, Tex.Civ.App., 270 S.W. 2d 282. We agree that this is the rule. However, we overrule the appellant's contention here, not only because the law of the case has been announced in the former appeal and is binding on the parties, but also because we believe the rule stated on the former appeal is sound and just and practical.

■ Under its first point the State complains that the trial court was in error in finding that Walter J. Mills was financially unable to pay for the support, maintenance and treatment of his adult son from April, 1937 through March, 1948. Under this point the appellant summarizes the evidence which shows that in April, 1937, Walter J. Mills owned 208 acres of land; that his land holdings throughout the period of time under examination was never below that amount; that in 1941 he owned 331½ acres of land; in 1948 he sold $20,000 worth of property; that at the time of his death he still owned 457.88 acres of land at an appraised value of $16,015. The bank records showed that except for a period from January, 1936 to October, 1939, and for a few days in September of 1940, he kept a checking account in a bank at Livingston through 1950. Walter J. Mills died January 31, 1951, and in addition to the $16,000 worth of land there was inventoried in his estate personal property valued at $5,834.41 and a claim of $10,400 due the estate for property sold.

The appellees point out that the parties stipulated that the inventory and appraisement of Walter J. Mills' property filed in the probate proceedings after he died reflected the property owned, or its equivalent in kind, by Walter J. Mills prior to and during the period of time of commitment of George Mills in the State Hospital at Austin. Appellees point out that while the bank statements show that Mr. Mills' balance on November 14, 1940 was $1,325.30 that his balance of December 24, 1940 was $401.49; that the balance of March 24, 1944 was $1,272.68 and three days later, on March 27th, the balance was $339.08. They say that Mr. Mills was a farmer and his income was seasonal, and a bank account would not reflect whether the money accumulated as a bank balance was borrowed capital, gross income or net income. They point out also that some of the daily balances represented proceeds of the sale of real estate and other capital assets. There was other evidence before the court to the effect that Mr. Mills was in poor health throughout the years; that he never had

enough money to send his daughters to college; that he worried about his debts and how he could pay them and that during most of his life he owned about 200 acres of land, about 50 acres of which was in cultivation; that he owned on an average of 20 or 25 head of cattle; that he maintained a charge account at a grocery store which at times went unpaid for as long as six months. There was testimony on the part of Mr. Rufus Stone, who was in partnership with Walter J. Mills. He testified that Walter Mills made only 200 pounds of seed cotton in 1937; he made only 5 bales of cotton in 1938 and 1939; he made no cotton crop at all in 1940 and 1941, his health began to fail in 1942 but he made about $400 or $500 in 1943 from the sale of timber; he had no income in 1944 and he had no income above the necessities of life in 1945. From the time of his operation in 1950 to the time of his death he never worked again and had no income.

It cannot be said that the fact finding of the trial court that Walter J. Mills was not financially able to pay for the support, maintenance and treatment of his adult son during the times stated in the findings by the court, is not supported by the evidence, or that there is no evidence to support it. The trial court was warranted from the above evidence in making the findings of fact which it made.

The appellees complain that the trial court was in error in finding, as a matter of fact, that Walter J. Mills was able to reimburse the State for the period of time from April 1, 1948 through January 31, 1951. We take the same view of this complaint as we do of the appellant's complaint as to the sufficiency of the evidence for the trial court's holding against it. The trial court here was the trier of the facts and we think the evidence is sufficient to support his findings of fact and this point is overruled.

■ The appellees also complain that the trial court erred in holding that the State was not required to allege specifically the ability of Walter J. Mills to pay for the support of his son. The liability of the ap-

pellees, as distributees of the property of Walter J. Mills, deceased, is based, of course, upon the liability of their father Walter J. Mills. The liability of Walter J. Mills for the support, maintenance and treatment of his son is purely statutory. That liability, as restricted by the decision of this court in State v. Stone, 271 S.W.2d 741, is limited to his ability to pay for such support and treatment concurrently with the time of the treatment itself. We think that with the simple pleading of the statute and the purported liability of Walter J. Mills thereunder, the State was not required to plead in detail, year by year or month by month, that Mr. Mills was financially able to pay for his son's treatment. The opinion in the former appeal gives no indication that it was necessary that the State plead its case further. The opinion there noted that the facts as to Mr. Mills' concurrent ability to pay had not been fully developed, and the case was remanded in order that such evidence might be fully developed.

We find no error in the judgment, and it is accordingly affirmed.