**ALLIED FINANCE COMPANY, Appellant,**

v.

**M. T. SHAW et al., Appellees.**

No. 16335.

Court of Civil Appeals of Texas.

Fort Worth.

June 1, 1962.

Rehearing Denied July 13, 1962.

Locke, Purnell, Boren, Laney & Neely and J. L. Shook, Dallas, for appellant.

Walker, Day & Harris and Joe Day, Jr., Fort Worth, for appellee M. T. Shaw.

Tom J. Murphy, Jr., Fort Worth, for appellee C. L. Gage.

BOYD, Justice.

From the fragmentary record before us we gather the following:

On March 14, 1958, Allied Finance Company sued Marvin W. Parker in a District Court of Dallas County for debt, and Parker and M. T. Shaw for foreclosure of a chattel mortgage lien and a certificate of title lien on a Cadillac automobile, which it alleged to be in the possession of Shaw. Shaw claimed the car free of Allied's alleged lien. Parker did not answer, and he died on January 24, 1959. Shaw filed a plea of privilege to be sued in Tarrant County, where he resided. Before the plea of privilege was acted upon, the date not being shown by the record, Allied had the automobile taken from Shaw's possession by writ of sequestration. Allied then amended its petition and asked for the appointment of a receiver. A receiver was appointed. He sold the car for $4,950.00 cash. Shaw appealed from the order appointing the receiver, but did not supersede it, and this Court dismissed the appeal as moot because the receiver had already sold the car. Shaw v. Allied Finance Company, Tex.Civ.App., 319 S.W.2d 820.

The trial court overruled Shaw's plea of privilege, and the Dallas Court of Civil Appeals affirmed. Shaw v. Allied Finance Company, Tex.Civ.App., 330 S.W.2d 690. The Supreme Court reversed and ordered the venue changed to Tarrant County. Shaw v. Allied Finance Company, 161 Tex. 88, 337 S.W.2d 107.

On March 11, 1960, while the venue appeal was pending, Shaw filed, subject to his plea of privilege, a cross-action seeking damages against Allied for wrongful sequestration, conversion of the car, abuse of process, and other recoveries. He feared that two years might elapse from the time the car was taken until the suit should be removed to Tarrant County. His fear was not wholly unjustified, since the car was seized in 1958 and the cause reached Tarrant County on November 8, 1961.

On August 12, 1960, after the Supreme Court's mandate ordering the venue changed had been filed in the Dallas County District Court, Allied took a non-suit as to its cause of action against Shaw, and had the same dismissed. This was after Allied had caused the car to be taken from Shaw and had it sold by the receiver. Allied now has no claim pending against Shaw.

The opinion of the Supreme Court, ordering transfer of the cause, was handed down on June 22, 1960, and its mandate was issued on July 22. On September 15, 1960, Allied filed a plea of privilege in the Dallas County District Court "because M. T. Shaw is attempting to have said cross-action transferred to Tarrant County, Texas." On the same day there came on to be heard in the Dallas County District Court Shaw's motion for an order to the Clerk to transfer the cause to Tarrant County. A judgment granting such motion, among other things, was entered on September 27, 1960. By this time Parker's widow, as administratrix, had been made a party defendant. In the judgment ordering transfer of the cause, the suit against Parker's estate was severed from Shaw's cross-action; Allied's alleged lien was foreclosed as a "first lien"; and the receiver was instructed to deliver the proceeds of the sale of the car to Allied. This was done. On November 18, 1960, this judgment was modified so that such proceeds were ordered paid by Allied to the District Clerk of Dallas County, subject to the order of the proper District Court of Tarrant County. This was done. The Dallas County District Clerk was instructed to make a transcript of all judgments entered in the cause and send it to the District Clerk of Tarrant County, but to hold all original papers for use in that part of the suit retained in Dallas County.

Both Allied and Shaw filed objections to this judgment. Allied objected to the transfer of the cross-action to Tarrant County and to that part of the judgment ordering it to pay the proceeds of the sale of the car to the Clerk. Shaw complained that the court was in effect attempting to finally adjudicate the merits of a controversy which the Supreme Court said must be tried in Tarrant County, and objected to that part of the judgment ordering Allied to pay the money to the Clerk, contending that it should be paid to Shaw. Allied appealed from this judgment, and Shaw filed cross-points. On September 5, 1961, the Court of Civil Appeals at Texarkana dismissed the appeal for lack of jurisdiction.

On November 8, 1961, the limited transcript reached Tarrant County and was lodged in the 48th District Court. Thereafter, C. L. Gage intervened, claiming the proceeds of the sale of the car and all other rights of Shaw in the cause, under an assignment executed by Shaw, which was attached as an exhibit to Gage's petition, and which appears to be sufficient to effect the transfer.

Shaw filed a motion for an order requiring Allied to show cause why the Dallas County District Clerk should not be required to pay the money over to Shaw.

Allied filed a plea of privilege to the show cause order, Gage's intervention, and

Shaw's cross-action. This cross-action is not in this record, and counsel say it is still in the files of the Dallas County District Clerk. Gage filed nothing in respect of this plea of privilege. Shaw filed a motion to strike it, and subject to the motion to strike, filed a controverting plea. Allied filed, subject to its plea of privilege, a general denial and pleas of limitation to Shaw's cross-action. The court sustained Shaw's motion to strike Allied's plea of privilege, and entered an order requiring the District Clerk of Dallas County to pay to Gage, as Shaw's assignee, the proceeds of the sale of the car. From this judgment Allied has appealed.

From a supplemental transcript filed in this Court on April 6, 1962, it appears that the District Court of Dallas County, after notice of appeal had been given and a supersedeas bond had been filed by Allied, ordered its Clerk to transfer the proceeds of the sale of the car to the District Clerk of Tarrant County.

We think the judgment should be affirmed.

 When the Supreme Court ordered the venue changed to Tarrant County, the question as to where the case should be tried was settled, including the cross-action. Goodrich v. Superior Oil Co., 151 Tex. 46, 245 S.W.2d 958. It is immaterial whether the cross-action was filed before or after the contest of the plea of privilege. Hall v. Castleberry, Tex.Civ.App., 283 S.W. 581; Hickman v. Swain, 106 Tex. 431, 167 S.W. 209. After the transcript from the District Court of Dallas County had been filed in the District Court of Tarrant County, Allied's last plea of privilege, if maintained, would have taken the case back to Dallas County. We think the trial court properly struck that plea.

 We are unable to concede that Allied has any justiciable interest in the fund in controversy. Since that fund constituted the proceeds of the sale of the car which Allied had caused to be taken from Shaw's possession, and which Shaw claimed by title superior to Allied's mortgage, and since Allied, after the Supreme Court has ordered the case transferred to Tarrant County, took a non-suit and dismissed as to Shaw, we think Allied dismissed as against Shaw its claim to the fund.

 The non-suit and dismissal did not destroy the adverse judgment transferring the cause. Deatherage v. Kerrigan, Tex.Civ.App., 294 S.W. 698, error refused. Allied says that it had not been served with process on Shaw's cross-action. It was on file in the District Court of Dallas County long before the non-suit. The rule seems to be that a plaintiff who dismisses his cause of action must take notice of the state of the record at that time, and it is not necessary that he be cited to answer a cross-action then pending. Davis v. Wichita State Bank & Trust Co., Tex.Civ.App., 286 S.W. 584.

The judgment is affirmed.