**ALLIED FINANCE COMPANY, Appellant,**

v.

**M. T. SHAW et al., Appellees.**

No. 16450.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 1, 1963.

Rehearing Denied Dec. 6, 1963.

Locke, Purnell, Boren, Laney & Neely, and J. L. Shook, Dallas, for appellant.

Kerr, Day & Cook, and Joe Day, Jr., Fort Worth, for appellee Shaw.

Tom J. Murphy, Jr., Fort Worth, for appellee Gage.

LANGDON, Justice.

This is an appeal from an order refusing to grant a temporary injunction.

The appellees obtained a judgment against the appellant for $4,950.00 in the 48th District Court on December 15, 1961. An appeal perfected by Allied was affirmed by this Court and became final. Allied Finance Co. v. M. T. Shaw et al., Tex.Civ. App., 359 S.W.2d 168. Upon affirmance a mandate was issued and the District Clerk of Tarrant County issued an execution reciting that Allied's property be levied upon. The Sheriff of Tarrant County was attempting to levy when Allied filed a delivery bond and obtained a temporary restraining order from the 48th District Court enjoining the appellee, the Sheriff and District Clerk from proceeding further with the execution. The trial court refused to enter a temporary injunction but continued the restraining order in effect pending this appeal.

In essence, the appellant, after having invoked the jurisdiction of this Court by perfecting an appeal and failing to apply for writ of error following an adverse decision, now seeks by this suit to enjoin enforcement of our mandate and thus circumvent the judgment and order of this Court.

The record in this case presents an involved judicial entanglement which has no parallel in this Court. In this day and time of congested dockets in both trial and appellate courts it is and should be the purpose of our rules finally to settle controversies rather than to multiply them. A controversy such as this was never contemplated by our Texas rules which seek to promote efficiency and to control the operation and procedure of our courts.

The events leading up to this appeal will be reviewed with as much brevity as the record will permit.

This complicated legal entanglement involving four previous appeals to Courts of Civil Appeals and one to the Supreme Court of Texas had its beginning on March 14, 1958, at which time Allied Finance Company, hereinafter referred to as Allied, filed suit for foreclosure of a chattel mortgage lien and a certificate of title lien on an automobile in Dallas County, Texas. A plea of privilege to be sued in Tarrant County was filed. Allied had the automobile taken by writ of sequestration before the plea was acted upon. It then amended its petition requesting the appointment of a receiver. The receiver was appointed and thereafter seized the automobile from the Sheriff of Tarrant County who had obtained it under the writ of sequestration. The receiver sold the car for $4,950.00 cash. An appeal was taken from the order appointing the receiver. It was not superseded and the appeal was dismissed as moot since the car was already sold. Shaw v. Allied Finance Company (Tex.Civ.App., Fort Worth), 319 S.W.2d 820.

The trial court overruled the plea of privilege and its action was sustained by the Dallas Court of Civil Appeals. Shaw v. Allied Finance Company, 330 S.W.2d 690 (October 23, 1959); rehearing denied December 11, 1959. The Supreme Court re-

versed the Dallas Court of Civil Appeals and the trial court and ordered the case transferred to Tarrant County. Shaw v. Allied Finance Company (Sup.Ct.), 161 Tex. 88, 337 S.W.2d 107 (June 22, 1960); rehearing denied July 20, 1960.

On March 11, 1960, during the pendency of the venue appeal, subject to his plea of privilege, Shaw filed a cross-action seeking damages against Allied for wrongful sequestration, conversion, abuse of process, and other recoveries as he feared that two years might pass from the time his car was taken until the suit should be removed to Tarrant County.

On August 12, 1960, after the Supreme Court's mandate ordering venue changed to Tarrant County had been filed in the District Court of Dallas County, Allied took a nonsuit as to its cause of action against Shaw and same was dismissed. This was after Allied had caused the car to be taken from Shaw and sold by the receiver. "Allied now has no claim pending against Shaw." Allied Finance Company v. M. T. Shaw (Tex.Civ.App., Fort Worth), 359 S.W.2d 168.

The Supreme Court's mandate ordering transfer of the case to Tarrant County was handed down on July 22, 1960. Thereafter on September 15, 1960, Allied filed a plea of privilege in the Dallas County District Court, "because M. T. Shaw is attempting to have said cross-action transferred to Tarrant County, Texas." On the same day Shaw's motion for an order to transfer the cause to Tarrant County was heard. A judgment granting the motion was entered on September 27, 1960. In the same judgment Allied's alleged lien was foreclosed as a "first lien" and the receiver was instructed to deliver the proceeds of the sale of the car to Allied which was done. On November 18, 1960, the judgment was modified so as to order Allied to pay the proceeds of the sale to the District Clerk of Dallas County, subject to the order of the proper district court of Tarrant County, which was done. Allied objected to the

transfer of the cross-action to Tarrant County and to being required to pay the money to the clerk's office. Shaw contended that the money should have been paid to him rather than to the clerk and that the trial court was in effect attempting to adjudicate a controversy which the Supreme Court had ordered tried in Tarrant County. Allied appealed and Shaw filed cross-points and on September 5, 1961, the Court of Civil Appeals at Texarkana dismissed the appeal for want of jurisdiction.

At this point in the proceedings appeals have been acted upon by the Courts of Civil Appeals at Dallas, Fort Worth and Texarkana and by the Supreme Court of Texas.

On November 8, 1961, the transcript reached the 48th District Court in Tarrant County (Cause No. 23012) pursuant to the mandate of the Supreme Court. "Thereafter, C. L. Gage intervened, claiming the proceeds of the sale * * * ($4,950.00) and all other rights of Shaw * * * under an assignment executed by Shaw, * * which appears to be sufficient to effect the transfer." 359 S.W.2d 168, supra, p. 170.

Shaw filed a motion for an order requiring Allied to show cause why the Dallas County District Clerk should not be required to pay the money over to him and Allied filed a plea of privilege to the show cause order, Gage's intervention and Shaw's cross-action. Shaw filed a motion to strike the plea and subject thereto a controverting plea. Allied, subject to its plea of privilege, filed a general denial and pleas of limitation to Shaw's cross-action. By its judgment dated December 15, 1961, the 48th District Court of Tarrant County sustained the motion to strike Allied's plea of privilege and ordered the District Clerk of Dallas County to pay the proceeds of the sale ($4,950.00) to Gage, as Shaw's assignee. (It should be kept in mind that under the judgment of the 116th District Court of Dallas County the ($4,950.00) proceeds of the sale of the automobile were to be held by the District Clerk of that

County subject to the order of the appropriate court of Tarrant County.)

Allied appealed from the December 15, 1961 judgment of the 48th District Court of Tarrant County, in cause No. 23012 which had ordered the District Clerk of Dallas County to pay the proceeds of the sale ($4,950.00) to Gage.

It appears from a supplemental transcript filed in this Court on April 6, 1962 that the District Court of Dallas County ordered its clerk to transfer the $4,950.00 to the District Clerk of Tarrant County after notice of appeal was given and a supersedeas bond had been filed by Allied.

The judgment of the 48th District Court was affirmed by the Court of Civil Appeals at Fort Worth. Allied Finance Company v. M. T. Shaw, 359 S.W.2d 168, supra. The following excerpts are taken from 359 S.W. 2d page 171 of the opinion. "When the Supreme Court ordered the venue changed to Tarrant County, the question as to where the case should be tried was settled, including the cross-action. (Authorities cited.) It is immaterial whether the cross-action was filed before or after the contest of the plea of privilege. (Authorities cited.) After the transcript from the District Court of Dallas County had been filed in the District Court of Tarrant County, Allied's last plea of privilege, if maintained, would have taken the case back to Dallas County. We think the trial court properly struck that plea.

"We are unable to concede that Allied has any justiciable interest in the fund in controversy. Since that fund constituted the proceeds of the sale of the car which Allied had caused to be taken from Shaw's possession, and which Shaw claimed by title superior to Allied's mortgage, and since Allied, after the Supreme Court has ordered the case transferred to Tarrant County, took a non-suit and dismissed as to Shaw, we think Allied dismissed as against Shaw its claim to the fund.

"The non-suit and dismissal did not destroy the adverse judgment transferring the cause. (Authorities cited.) Allied says that it had not been served with process on Shaw's cross-action. It was on file in the District Court of Dallas County long before the non-suit. The rule seems to be that a plaintiff who dismisses his cause of action must take notice of the state of the record at that time, and it is not necessary that he be cited to answer a cross-action then pending. (Authorities cited.)" Following its opinion dated June 1, 1962 (rehearing denied July 13, 1962) and after the time for application for writ of error had passed, the following mandate was issued by this Court: "This cause came on to be heard on the transcript of the record, and the same having been reviewed, it is the opinion of the Court that there was no error in the judgment. It is therefore ordered, adjudged and decreed that the judgment of the trial court in this cause be and it is hereby affirmed.

"It is further ordered that appellees M. T. Shaw and C. L. Gage do have and recover of and from appellant Allied Finance Company the amount adjudged below, together with all costs in this behalf expended, both in this court and in the trial court, for which let execution issue, and that this decision be certified below for observance."

On December 28, 1961, after the cause of action was transferred to the 48th District Court in Tarrant County by order of the Supreme Court, Allied Finance Company filed an original petition in Cause No. 65305F in the 116th District Court of Dallas County, involving the same subject matter and the same parties except that the District Clerk of Dallas County as stakeholder was named as a defendant. On April 10, 1962, M. T. Shaw and C. L. Gage were served but did not appear or answer and on May 29, 1962, judgment was entered directing Bill Shaw, District Clerk of Dallas County, to pay over to Allied the $4,950.00 representing the proceeds from the sale of the car.

Thereafter Allied filed an amended motion for rehearing with this court on June 29, 1962, in connection with the appeal involved in 359 S.W.2d 168, supra, in which it contended that the judgment of the Dallas trial court in cause No. 65305F was res judicata as to any issue which was or could be decided by the 48th District Court of Tarrant County or by this Court of Civil Appeals. The motion further pointed out that pursuant to the judgment of the Dallas District Court that the District Clerk had paid the $4,950.00 over to Allied. This judgment was subsequent to the judgment of the 48th District Court which Allied appealed from ordering the money paid over to Shaw et al.

As indicated above Allied's motion for rehearing was overruled on July 13, 1962, and the mandate of this Court ordered Allied rather than the Dallas County District Clerk to pay the $4,950.00 to Gage since it appeared that the funds were then in the hands of Allied. Thus by its mandate the Court of Civil Appeals ordered the money paid over by Allied.

Following affirmance and issuance of the mandate in the fourth appeal to a court of civil appeals, 359 S.W.2d 168, supra, the District Clerk of Tarrant County issued the execution and on November 14, 1962, the Sheriff of Tarrant County was attempting to levy upon Allied's property in line with the mandate of this Court which finally brings us to the action leading to this appeal.

On November 19, 1962, Allied filed an amended petition and cross-action against M. T. Shaw, C. L. Gage and the Sheriff and District Clerk of Tarrant County seeking to enjoin them from proceeding further under the execution and seeking a summary judgment based upon the finality of the default judgment it had obtained in the 116th District Court of Dallas County on May 29, 1962, involving the same parties and subject matter as were involved in the December 15, 1961 judgment of the 48th District Court of Tarrant County,

which was affirmed on appeal to this Court. 359 S.W.2d 168, supra. The appellant also prayed that the execution be declared void and that the judgment of the 116th District Court of Dallas County be declared res judicata and a bar to any further action. The trial court granted a temporary restraining order and thereafter following the hearing on December 3, 1962, Allied's motion for temporary injunction was denied. In the order fixing the amount of the supersedeas bond the temporary restraining order was continued in effect pending the appeal from the order denying the injunction.

After this appeal from the order of December 3, 1962 was perfected, the trial judge on January 16, 1963, granted the appellant's motion for summary judgment holding in effect that the Dallas County judgment was final and that since it had never been directly attacked it therefore was res judicata and in bar. It decreed a take nothing judgment against Allied and adjudged all costs against appellees.

■■■ It is our opinion that when Allied's original action filed in Dallas County was ordered transferred by the Supreme Court of Texas to Tarrant County and it was finally lodged in the 48th District of Tarrant County that Court acquired exclusive jurisdiction of the suit.

"Jurisdiction is power to hear and determine the matter in controversy according to established rules of law, and to carry the sentence or judgment of the court into execution. (Authorities cited.)" Cleveland et al. v. Ward, District Judge, et al., 116 Tex. 1, 285 S.W. 1063.

The case just cited further held: "When suit was filed in the Johnson County District Court, the jurisdiction of that court attached, with power on the part of the court to permit the pleadings to be amended and amplified, new parties to be made, to determine all essential questions, and to do any and all things with reference thereto authorized by the Constitution and

statutes, or permitted District Courts under established principles of law. (Authorities cited.)"

Further quoting from Cleveland v. Ward, supra: "The rule that a valid judgment for plaintiff is conclusive, not only as to defenses which were set up and adjudicated, but as to those which might have been raised inconsistent with the facts necessary to sustain the judgment, is one of universal acceptation. * * * 34 Corpus Juris, p. 854, § 1266, p. 856, § 1267; Freeman on Judgments (5th Ed.) Vol. 2, §§ 674, 688, 692, 693, 774, 787. (Other authorities cited, including Peck v. Jenness, 7 How. 612, 48 U.S. 612, 12 L.Ed. 841.)

"In the case of Peck v. Jenness, just cited, the Supreme Court of the United States said:

" 'It is a doctrine of law too long established to require a citation of authorities, that, where a court has jurisdiction, it has a right to decide every question which occurs in the cause, and, whether its decision be correct or otherwise, its judgment, till reversed, is regarded as binding in every other court; and that, where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have once attached, that right cannot be arrested or taken away by proceedings in another court. These rules have their foundation, not merely in comity, but on necessity. For, if one may enjoin, the other may retort by injunction, and thus the parties be without remedy; being liable to a process for contempt in one, if they dare to proceed in the other.' "

Further quoting from Cleveland v. Ward, supra, the court emphasized the following language from the case of French v. Hay, 22 Wall. (U.S.) 250, 22 L. Ed. 857:

" 'Having the possession and jurisdiction of the case, that jurisdiction embraced everything in the case, and every question arising which could be determined in it until it reached its termination and the juris-

diction was exhausted. While the jurisdiction lasted it was exclusive, and could not be trenched upon by any other tribunal.'

"In the case of Maclean v. Speed, supra, (52 Mich. 257, 18 N.W. 396) Chief Justice Cooley declared the rule, which has become a familiar text, as follows:

" 'It is a familiar principle that, when a court of competent jurisdiction has become possessed of a case, its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of; and no court of co-ordinate authority is at liberty to interfere with its action. The principle is essential to the proper and orderly administration of the laws; and while its observance might be required on the grounds of judicial comity and courtesy, it does not rest upon such considerations exclusively, but is enforced to prevent unseemly, expensive, and dangerous conflicts of jurisdiction and of process. If interference may come from one side, it may from the other also, and what is begun may be reciprocated indefinitely.' * * *

"Mr. Freeman, discussing the very question here involved (in Vol. 1, § 335), says:

" 'It seems impossible that two courts can, at the same time, possess the power to make a final determination of the same controversy between the same parties. If either has authority to act, its action must necessarily be exclusive, and therefore it is our judgment that whenever either the state or the national courts acquire jurisdiction of an action and the parties thereto, this jurisdiction cannot be destroyed, diminished, or suspended by one of the parties bringing an action in another court, and that any judgment or order of the latter court is void so far as it conflicts with any judgment or order of the court first acquiring jurisdiction.'

"This extract from Freeman we believe states the sound rule, and the only rule which will prevent races from court to

court by vigilant counsel, such as this record discloses, and that conflict in the exercise of judicial power in evidence here, which we believe was never contemplated under our judicial system."

■ The controversy between the parties as to the right to the sum of $4,950.00 was finally settled and the matter concluded when this Court affirmed the judgment of the 48th District Court and the mandate of this Court was issued on affirmance after the failure of Allied to apply for writ of error. Thereafter Allied could not relitigate the same issue by filing another suit in Tarrant County or elsewhere. Nor could Allied defeat the jurisdiction of this Court by such action after having invoked same by its appeal. This Court was for the first time apprised of the judgment of the Dallas County Court dated May 29, 1962, by the appellant's second or amended motion for rehearing, in which it was recited that Allied had obtained the $4,950.00 from the District Clerk of Dallas County. In order to protect its jurisdiction which had been invoked by Allied's appeal, this Court then ordered Allied to pay over the sum of $4,950.00 to appellees. It cannot be disputed that this Court had jurisdiction and the power to affirm the trial court and to order execution directly against Allied to protect its jurisdiction and to protect the status quo guaranteed by appellant's supersedeas bond. See Glass v. Smith, 66 Tex. 550, 2 S.W. 195; Davis v. Wichita State Bank & Trust Co. (Tex.Civ.App., Amarillo), 286 S.W. 584, dismissed W.O.J.; Hart v. Hunter, 52 Tex.Civ.App. 75, 114 S.W. 882, error refused; Andrews v. Whitehead (Tex.Civ.App.), 60 S.W. 800 and 34 Tex.Jur.2d 203 and cases cited therein. See also Article 1823, Vernon's Ann.Tex.Civ.St.

■ The holdings announced in a former appeal constitute the law of the case. Matters that were either presented to or directly passed upon or which were in effect disposed of on a former appeal to a Court of Civil Appeals will not again be passed upon by that court. State v. Stone (Tex.Civ.App., Beaumont), 290 S.W.2d 761, ref. n. r. e.; Hillhouse v. Allumbaugh (Tex.Civ.App., Eastland), 258 S.W.2d 826, ref., n. r. e. See the rule as stated in 4 Tex.Jur.2d 696, and authorities cited.

■ While the mandate issued by this court on affirmance of the prior judgment of the 48th District Court in 359 S.W.2d 168, supra, may possibly have been inconsistent with the opinion and its recitations and improper, nevertheless it, together with the opinion of the court, constituted the law in the case. As such, it was binding upon the parties to the judgment and in every other court until reversed, and this is true regardless of whether the decision be correct or otherwise. (Cleveland v. Ward, supra.) The appellant may not at this late date attack the validity of the opinion or the mandate as they have become final.

It is not necessary to pass upon the validity of the Dallas County judgment dated May 29, 1962, which was entered a few days before the date this court handed down its opinion on the prior appeal. We are therefore not in conflict with the holding in McEwen, Relator, v. Harrison, District Judge et al., Respondents, 162 Tex. 125, 345 S.W.2d 706, page 710, concerning the necessity of a direct attack upon void judgments or with that portion of the opinion in Cleveland v. Ward, supra, to the same effect, because the holding and mandate of this Court on the previous appeal constitutes the law of the case and the appellant Allied was ordered to pay (in personam) the sum of $4,950.00 to the appellees. The mandate of this Court ordering such payment by Allied may be enforced without affecting the Dallas County judgment which deals with a particular fund in the hands of the Dallas County Court. Further the Dallas County judgment entered after the appeal to this court was perfected by Allied and during the time it was being considered by this Court does not affect the ruling of this Court nor im-

pede or bar the enforcement of the mandate issued by it and from which Allied did not apply for writ of error.

■ Once the judgment of the 48th District Court of Tarrant County was affirmed by this Court such trial court was without authority to entertain any motion or take any action inconsistent with the mandate of this Court. Certainly it was without authority to interfere with its enforcement by temporary restraining order or by entertaining a motion for summary judgment. Its duty was to enforce the mandate.

Ordinarily the court of civil appeals may not consider events transpiring after the rendition of a judgment which is the subject of appeal. The motion for summary judgment granted after the appeal in this case was perfected was brought to our attention on presentation of appellant's motion for affirmance of judgment on certificate. The clerk of this Court was instructed to withhold the filing of such motion, pending disposition of this appeal and in view of the disposition we have made the clerk is instructed not to file same. The summary judgment as well as the action of the trial court in granting the temporary restraining order enjoining the execution against Allied are invalid because, first, each is in direct conflict with the mandate of this Court and the law of the case, and, second, once Allied perfected an appeal from the order of the trial court denying its application for temporary injunction the trial court had no further jurisdiction in the matter until the appeal became final.

After Allied invoked the jurisdiction of this Court and received an adverse ruling and failed to apply for a writ of error the trial court should have refused to take any action on the amended petition filed by Allied seeking to enjoin enforcement of our mandate issued on affirmance of the trial court's judgment against it. The trial court's duty was to make certain that the mandate was enforced. See 3 Tex.Jur.2d 597, 598, and cases cited.

On the basis of the long and tedious record in this case and the authorities and reasons stated herein and in the hope that this litigation may be finally terminated, the temporary restraining order issued by the trial court and its summary judgment dated January 16, 1963, are and each is hereby declared to be void. The trial court is directed to forthwith set aside said order and judgment and to dismiss the amended petition filed by Allied in this cause. All costs in the trial court and on this appeal shall be paid by Allied. The trial court is further directed to proceed against Allied's appeal and supersedeas bonds and otherwise to enforce the previous mandate of this Court. In addition to the sum of $4,950.00 Allied shall pay interest on such sum from the date the previous mandate of this Court was issued.

In view of what we have said all points of error and counterpoints not otherwise disposed of by this opinion are overruled. Further the clerk of this Court is directed not to file the motion of appellant for affirmance on certificate in view of our disposition of this case.

■ The prayer of appellees for 10% of the amount in dispute as damages pursuant to Rule 438, Texas Rules of Civil Procedure, is denied as being inapplicable under the facts of this case.

We assume that the trial court, without further action on the part of this Court, will set aside the restraining order and summary judgment, dismiss the amended petition of Allied and that the previous mandate of this Court will be complied with at once in order that this litigation may be concluded.

Reversed with instructions to the trial court.